May Term,
1860.

MORRIS
v.
STEWART.

---

MORRIS *v.* STEWART and. Others.

Where the land of a person is sold at guardian's sale, though the record does not show such person to have legally been made a party, still if there had been a reception of the purchase-money, and such acquiescence as amounts to an equitable estoppel, the record may be given in evidence, upon a suit to recover possession of the land, as a link in the chain necessary to make out the defense.

*Wednesday,*
*June 6.*

APPEAL from the *Rush* Circuit Court.

HANNA, J.—*Catherine Morris*, on the 8th of *August*, 1855, filed her complaint praying a partition of the west half of the north-west quarter of section twenty-six, of township thirteen north, of range nine, of which she averred she was, by descent from her father, *John Litteral*, the owner in fee simple of the one undivided ninth part; and that the said *Stewart* was the owner of the other eight-ninths, and in possession of said lands.

*Stewart* answered, first, in denial; second, that *John Litteral* died some time previous to 1835, seized of said tract of land; and that on the 19th day of *December* of that year, by order of the Probate Court of *Rush* county, said land was sold upon the petition of the guardians of the minor heirs of said *Litteral*, said plaintiff being at that time one of said minor heirs; that one *Nelson* became the purchaser, who is made a party, &c. The record of the ap-

plication, sale, and confirmation, &c., are set out at length in the paragraph.

One of the main questions in the case is, whether the plaintiff in this case was a party to that proceeding. The portion of the petition of the guardian necessary to notice, in that connection, is as follows: "Guardian of the persons and estate of *Samuel Litteral* and *Jonathan Litteral*, infant heirs at law of *John Litteral*, late of *Rush* county, deceased, over the age of fourteen years, and of the persons and estate of *John Litteral, Adam Litteral, Jackson Litteral, Betsey Litteral*, and *James Litteral*, infant children, &c., under the age of fourteen years. Your petitioners would further represent that *John Litteral* died seized of the west half of the north-east quarter of section twenty-six, township thirteen, range nine; that said eighty acres of land descended to the above-named heirs at law for whom your petitioner is guardian, together with *Catherine Litteral* and *Nancy Litteral*, also heirs at law of said *John*."

The answer avers that said *Catherine* received of said guardian her distributive share of the money arising from the sale of said land, and directed that a commissioner be appointed to convey the same. A receipt by the husband of said *Catherine* for said money, and directing, &c., is set forth in said answer; and it is averred that defendant made improvements of great value, and that plaintiff, for nineteen years and eight months, stood by, living all the time in the neighborhood, and saw defendant in possession, believing he had a perfect title, and that she never asserted any title, but concealed the same, knowing that he was wholly ignorant thereof.

The third paragraph of the answer is, that, on the 19th of *December*, 1835, the plaintiff and her husband sold their interest in the land to *Nelson*, received the full consideration therefor, put him in possession, had stood by, &c., and were now in equity bound to make defendant a deed; that the husband of said plaintiff died on the 29th of *June*, 1851, insolvent.

*Fourth.* The statute of limitations, to-wit, that said land was sold on a judgment of a Court directing the sale thereof, to which plaintiff was a party, and that more than five years had elapsed, &c.

*Nelson's* answer was in substance the same.

Reply, first, a denial; second, that on the 19th day of *December*, 1835, plaintiff was an infant and married, and had no guardian; that neither she nor her husband had any notice of said proceedings; that her husband died as alleged.

Trial by the Court; finding and judgment for the defendants. The evidence is in the record.

Among other items of evidence admitted, was the record pleaded, as also the record, &c., of the final report of the guardian of the minor heirs, naming said plaintiff among them, of *John Litteral*, and the objections or exceptions filed thereto by certain persons naming themselves heirs of said *John*, and wards of said guardian, among them the said *Catherine*, together with her husband. It was admitted on the record that said lands had sold for their full value, and possession of the whole was taken; that she had some knowledge of the sale of said lands, in 1837, and that her husband had received some money from her father's estate. It was proved by parol that soon after the sale in 1835, she had spoken of the said sale; and knew the land had been sold, and that her husband had received money from said estate, but from what source derived, it is not shown that she had knowledge; and that she knew that *Stewart* claimed to be the owner of the land for eighteen years; that she was married in 1835, at the age of seventeen, to *Morris*, of full age, and removed to *Hendricks* county, where they remained until 1846, when they removed to within four or five miles of the land, where they remained until the death of her husband, in 1851; since that time she has resided in the immediate neighborhood of the land, and had not been heard by the witnesses (her sister and brother-in-law) to assert title until about the time suit was commenced.

The errors assigned are, first, in admitting evidence; second, in refusing a new trial.

The first item of evidence of defendants, namely, the record of the sale, &c., of said land, was objected to for two reasons; first, the Court had no jurisdiction of the present plaintiff; second, nor was the land, &c., the same now in controversy.

As to the first objection, we do not think it was distinctly shown by the pleadings, in the application to sell the land, that the applicants were the guardians of the present plaintiffs. It is asserted in the answer in this case that they were, and not only denied by the reply, but it is therein further asserted that she was then a minor and married. If these were all the averments in the complaint herein, we do not think the record offered in evidence should have been admitted. But it is further averred that she received her distributive share of the money arising from the sale, and that she stood by, &c., from the time of such sale. It was, therefore, perhaps, necessary to introduce that record as the best evidence of the amount derived from such sale, and the date thereof. The purpose for which it was introduced is not shown.

As to the next objection. The land described in the petition of the guardian, and in the recital in the commissioner's deed, is not the same as that described in the complaint herein; but the latter description corresponds with the return of the appraisers, the notice of sale, the report of the commissioner, and the granting part of the deed of said commissioner, in the former proceeding. The decree or order of sale of the property does not describe it. We think, under these circumstances, the objection was not well taken. The record was properly admitted, in the first instance, as a link in the chain of testimony; especially as before it was offered, by the admissions of the plaintiff, it appeared that the land was sold at public sale, and it was believed to be all that belonged to *Litteral* at his death, and was taken possession of by the purchaser, and that the plaintiff had some knowledge of such sale. The parol evidence completed the chain by showing that there

was but the one piece of land of which said *Litteral* was the owner. *Doe* v. *Smith*, 1 Ind. R. 451.

The second item of evidence, namely, the record of the report, &c., of the guardian, was objected to; but the testimony was relevant upon the issue made as to whether the plaintiff had received a distributive share of the proceeds of the sale. That report, together with the voucher accompanying it, tended to prove that fact; for it is conceded by the appellant that, under the law then in force, the husband could receive the distributive share of the wife. See 1 Ind. R. 452. Perhaps it was also admissible under the issue made as to whether the present plaintiff was a ward of said guardian. This record shows her and her husband appearing in that character, and objecting to such report.

The second assignment of errors is based upon the alleged insufficiency of the evidence.

The finding of the Court is general, and we are not, therefore, informed upon which of the issues it is based, or whether upon all. If from the evidence the Court found that the present plaintiff was a party to the proceedings to sell, in 1835, it would follow, if such finding is sustained, that, under the issue on the fourth paragraph of the answer, the principles laid down in the case of *Vancleave* v. *Milliken*, 13 Ind. R. 105, would apply; and, consequently, the plaintiff would be barred by the statute. More than five years from the confirmation of the sale, and two from the removal of the disability, had elapsed.

But to the question of the sufficiency of the evidence. Much of the argument of each party is devoted to the question of whether the acts, and the failure to act, of the plaintiff, now precludes her from maintaining this suit. The facts upon which the arguments are based are, that the sale was made in 1835, of which it is shown she had notice soon afterwards; that her husband received a part of the money, as due her, arising from that sale; that for eighteen years she knew *Stewart* had possession under the purchase, claimed title, and was making improvements; that for a considerable portion of that time, she was near

to the said *Stewart*, but set up no claim to said land; that as late as 1851, at the settlement of the guardian of the heirs of *Litteral*, she and her husband resisted that settlement, and, by the exceptions filed, she treated him as her guardian, but did not question the propriety or legality of the sale of said lands by him.

The evidence, which we have already determined was properly introduced, tended to establish these points so as to preclude us from disturbing the finding thereon, upon that ground, under our repeated decisions.

The Court must have found that, for these causes, the plaintiff was estopped to now claim title, or else that she was a party to the proceedings upon the application. In either event, we do not see but that such finding is, under the circumstances, conclusive upon us.

*Per Curiam.*—The judgment is affirmed with costs:

*A. W. Hubbard* and *L. Sexton*, for the appellant.

*G. C. Clark* and *P. A. Hackleman*, for the appellees.