## WEBSTER ET UX. *v.* BEBINGER.

REAL ESTATE, ACTION TO RECOVER.—*Defences —Harmless Ruling on Demurrer.*—All defences, legal and equitable, are admissible in evidence under the general denial, in actions to recover real estate ; and, therefore, the ruling on a demurrer to a special paragraph of answer is not available as error, if the answer of general denial be also pleaded.

VERDICT.—*General and Special.— Venire de Novo.*—Where there is both a general and special verdict, error in refusing to strike out the former·is not available, if the latter be sufficient ; and in such case a *venire de novo* should be refused.

SAME.— *Will.—Sale by Guardian, of Ward's Land, after Majority —Adverse Possession.—Estoppel.*—A testator, by his last will, devised certain lands to his granddaughter, "to be held in trust for her benefit by J. L. S., until " she should " arrive at the age of thirty years, or " should be married. Such trustee. having duly qualified as her guardian also, and as such having possession and control of the land devised, petitioned for and obtained an order of the proper court for the sale thereof as guardian, and, although she had already arrived at the age of twenty-one years, he duly sold the lands, received the purchase-money therefor, reported the sale to the court, obtained its approval of the sale, secured an order of court to convey the land, conveyed the same accordingly by a deed approved by the court, made report of his doings as such guardian, accounted to the ward for the whole of her estate, including such purchase-money, and, having settled with her and taken her receipt, was finally discharged by the court. She having brought an action against a grantee of the purchaser at such guardian's sale, to recover such land, there was a special finding of the foregoing facts, and also that the defendant had been in peaceable adverse possession for seven years, and also that a motion by her to set aside the guardian's final report had been denied.

*Held*, that the defendant should recover.

From the Dearborn Circuit Court.

*E. P. Ferris* and *W. W. Spencer*, for appellants.

*J. D. Haynes* and *J. K. Thompson*, for appellee.

BIDDLE, J.—Complaint by Lydia A. Webster and James G. Webster, her husband, in the usual statutory form, against Abraham Bebinger, to recover the possession of real estate. Answer in general denial, and several special paragraphs. We need not particularly notice the latter,

as all the defences therein stated are covered by the general denial. Trial by jury; special and general verdict for the defendant. The plaintiff moved to strike out the general verdict; motion overruled; exceptions. Motion for a *venire de novo* overruled; exceptions. Motion for a new trial overruled; exceptions; judgment for defendant; appeal.

The appellant complains of certain rulings in overruling demurrers to several of the special paragraphs of answer. They show no available error. Under the denial, the defendant had a right to give in evidence every defence to the action that he had, either legal or equitable. Section 596. This has been so often decided, that we do not cite authorities in support of the rule.

No error was committed in refusing to strike out the general verdict, if the special verdict is sufficient; and, if the special verdict is sufficient, it was not error to refuse to grant a *venire de novo*. *Berlin* v. *Oglesbee*, 65 Ind. 308.

This brings us to the merits of the case, as presented by a motion for a new trial.

The plaintiffs claim title to the land in the right of Lydia A. Webster, *nee* Lydia A. Fletcher. The husband, James G. Webster, is joined with her in the action, nominally. Lydia claims title under a clause in the will of Henry J. Bowers, her grandfather, in the following words :

" To her daughter, Lydia Ann Fletcher, I will, devise and bequeath fifty acres of land off of the south end of the tract of land now owned by me in Sparta township, Dearborn county, Indiana; being part of lots Nos. three (3) and four (4) of section sixteen, township six, range three. The same to be held in trust for her benefit, by John L. Thiebaud, until the said Lydia Ann shall arrive at the age of thirty years, or shall be joined in marriage by and with the consent of the said Thiebaud, or my son, Isaiah A. Bowers."

That Lydia Ann took title to the lands under the will of her grandfather, and that they are the lands in controversy, are questions not in dispute between the parties.

The defendant claims title to the land, as follows: John L. Thiebaud, made the trustee of Lydia Ann in the will, was also nominated by the testator as one of the executors of the will, which was regularly probated. Thiebaud was also regularly appointed guardian of Lydia Ann, gave bond, and accepted the trust. As guardian of her property, he made application to the proper court to sell the lands of his ward for her education and support. The application was granted, the sale ordered and made, and the land sold to Jacob E. Thompson. The sale was confirmed by the court, and the land conveyed to Thompson by the guardian's deed, and afterwards sold and conveyed by Thompson to Abraham Bebinger, the defendant. The sale and conveyance from Thompson to the defendant are not controverted. The only question in dispute between the parties, therefore, is the validity of the guardian's sale to Thompson.

The special verdict finds the following facts:

That on the 25th day of July, 1867, John L. Thiebaud was, by the court of common pleas of Dearborn county, appointed guardian of the plaintiff, Lydia A. Fletcher, now Lydia A. Webster; that on the 25th day of July, 1867, said guardian filed in said court his petition as such guardian, praying said court to make an order directing the sale of the land of his said ward; that, said guardian having caused said real estate to be appraised by two disinterested freeholders of the county, and having executed his bond according to law, for the faithful performance of his trust, the said court made an order directing the sale of said real estate at private sale; that afterwards, on the 31st day of January, 1868, said real estate remaining

unsold, on application of said guardian the court appointed two disinterested freeholders, who appraised the same, and the court made an order directing said guardian to sell said real estate at private sale; that notice of the time, place, and terms of said sale was given by said guardian, as required by said order, and, in pursuance of said notice, said guardian sold said real estate to Jacob E. Thompson for eleven hundred and fifty dollars, which amount was duly paid by said Thompson to said guardian; that on the 16th day of February, 1869, said guardian made report of said sale to said court, which report was approved and confirmed, and said guardian ordered by said court to convey said lands by deed to said purchaser; that afterwards said guardian, in pursuance of said order, conveyed said lands by deed to Jacob E. Thompson, the purchaser, which deed, on the 25th day of April, 1870, was examined and approved, and such approval endorsed on said deed, and signed by the judge of said court, and recorded amongst the records of deeds in said county of Dearborn, on the 26th day of April, 1870; that said Thompson took immediate possession of said lands under said deed, and held the same as owner, until the 27th day of January, 1871, at which date he sold and conveyed said lands to said Bebinger, and put him in possession of the same, in good faith; that the defendant, Bebinger, paid Thompson for the same sixteen hundred dollars, the full value thereof; that said Bebinger has ever since occupied and held said lands as owner thereof to the present time, by virtue of his said purchase from Thompson, and has made permanent improvements thereon to the value of four hundred dollars; that Lydia A. Webster arrived at the age of twenty-one years on the 17th day of April, 1868, and remained unmarried until the 30th day of November, 1875, when she intermarried with James G. Webster, her co-plaintiff; that Henry J. Bowers,

by his will, devised to the said Lydia A. Webster fifty acres off the south end of lots number three and four in section sixteen, township six, range three, being the land in controversy, and owned by said Bowers at the time of his death, which occurred January 23d, 1866; that, after the death of said Bowers, John L. Thiebaud took possession of said lands as the guardian of said Lydia, and continued to occupy or rent the same, until they were sold to the said Thompson as aforesaid, and that they are the identical lands sold to said Bebinger, and ever since that time occupied by him as aforesaid; that said John L. Thiebaud, as guardian of Lydia A. Webster, from time to time, during the continuance of said guardianship, made reports to said court of his doings in the execution of his trust, as said guardian, and on the 1st day of March, 1876, said guardian submitted to the Dearborn Circuit Court a final report and settlement of his accounts and doings, in the execution of his trust as such guardian, which report and final settlement on said day were by said court approved, and said guardian discharged from said trust; that said guardian accounted to his said ward for all the purchase-money of said land, and interest thereon, and, after the said Lydia was twenty-one years of age, finally settled with her, and as such guardian took her receipt in full, on the 30th day of November, 1875; that on the 31st day of March, 1876, the said Lydia A. Webster filed her motion in the Dearborn Circuit Court, to set aside and vacate said final settlement so made by her guardian, on account of error therein, as unjust and improper,—that said guardian wrongfully sold said land, in violation of his trust, and wholly failed to account to her, claiming two thousand dollars damages; that on the hearing of said motion, on the 11th day of January, 1877, the said court overruled said motion, and ordered that said final report and settlement of said guardian be approved and confirmed.

The appellants allege two grounds against the validity of said guardian's sale:

1.   Because Lydia A. Webster, who owned the land at the time the sale was made, was of age; and,

2.   Because the court made an order of sale of said land without any petition by the guardian asking for the sale thereof.

What effect the first objection above stated might have had upon the guardian's sale, if, after she became of age, she had objected to it, we do not inquire; but we think, after the sale was made with her full knowledge, without objection; and after she had knowingly received the purchase-money of the land; and after the guardian had made his settlement with the court, which was approved and confirmed; and after she had sought a review of the said settlement, for the alleged wrongful sale thereof, and the case had been adjudged against her; and after the defendant and his vendor, the purchaser at the guardian's sale, had held continued and peaceable adverse possession to her during more than seven years before this action was commenced;—the objection has no validity.

The second objection taken above does not exist in fact. The special verdict finds that such petition was filed; and, upon looking into the evidence, we find such petition was introduced at the trial as evidence. Besides, in an attack upon such guardian's proceedings collaterally, it would be presumed that such petition had been filed, whether it was shown in evidence or not.

The special verdict finds all the facts necessary to determine the case, the law upon which is with the appellee. The judicial proceedings upon the guardian's sale and report, and its confirmation, the conveyance to the purchaser, the purchaser's conveyance to the appellee, constitute, by legal construction, a title to the lands in the appellee; and the adverse possession in the appellee for five years, under

the fourth clause of section 211, constitutes a bar to the action. The motion to strike out the general verdict, and the motion for a *venire de novo,* were properly overruled. The evidence supports the verdict.

See the following authorities: *Morris* v. *Stewart,* 14 Ind. 334; *Vail* v. *Halton,* 14 Ind. 344; *Davidson* v. *Lindsay,* 16 Ind. 186; *The State* v. *Clark,* 28 Ind. 138; *Dequindre* v. *Williams,* 31 Ind. 444; *Maxwell* v. *Campbell,* 45 Ind. 360; *Worthington* v. *Dunkin,* 41 Ind. 515; *Barnes* v. *Bartlett,* 47 Ind. 98; *Holland* v. *The State, ex rel.,* 48 Ind. 391; *Voiles* v. *Beard,* 58 Ind. 510; *Locke* v. *Barbour,* 62 Ind. 577; *Hatfield* v. *Jackson,* 50 Ind. 507.

The judgment is affirmed, at the costs of the appellants.

Opinion filed at November term, 1879.

Petition for a rehearing overruled at May term, 1880.