Over *et al. v.* Shannon.

· No. 7809.

OVER ET AL. *v.* SHANNON.

PRACTICE.—*Pleading.*—*Real Estate, Action to Recover.*—*Answer.*—*Demurrer.*—A defendant in an action for the recovery of real estate may give in evidence all defences under the general denial; but he may also plead specially, and when he does, and his answers are bad, it is error to overrule a demurrer to them.

SAME.—*Ruling on Demurrer.*—*Answer.*— *Cases Disapproved.*—A defendant is not harmed by a ruling sustaining a demurrer to a paragraph of answer, although good, if he has another paragraph under which the same matters are admissible in evidence; but it is otherwise where a plaintiff's demurrer to a bad answer is overruled. *Jordan* v. *D'Heur*, 71 Ind. 199; *Thomas* v. *Hamilton*, 71 Ind. 277; *Webster* v. *Bebinger*, 70 Ind. 9; *DeArmond* v. *Stoneman*, 63 Ind. 386; and *McGee* v. *Robbins*, 58 Ind. 463, intimating or sanctioning a different doctrine, disapproved.

REAL ESTATE, ACTION TO RECOVER.—*Pleading.*—*Answer.*—*Exemption.*— *Title to Property.*—In an action to recover possession of real estate, an answer of the defendant, alleging that he had claimed the property as exempt from sale on execution, and that the sheriff had wrongfully refused to allow his claim, but failing to allege that he had any title to such real estate, or any facts from which such an inference could be drawn, is insufficient on demurrer.

SAME.—*Pleading.*—*Property Exempt From Sale on Execution.*—In such action, a paragraph of answer setting up that the property was exempt from execution, and wrongfully sold by the sheriff to the plaintiff, but failing to show that the defendant took the steps required by law to secure the exemption of the property, is insufficient; and the allegation, that "the defendant filed with the sheriff a schedule of his property," is not sufficient to show the filing of such a schedule as the law requires.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellants.

ELLIOTT, J.—The complaint of the appellants, who were the plaintiffs below, was for the recovery of the possession of real estate. The appellee answered in three paragraphs, to the second and third of which the appellants unsuccessfully demurred. Error is alleged upon the overruling of these demurrers.

It is true that the defendant in an action for the recovery of real estate may give in evidence all defences under the general denial, but it is also true that he may plead specially should he elect to do so. Where he does plead specially, and his answers are bad, it is error to overrule a demurrer to them. In *Vanduyn* v. *Hepner*, 45 Ind. 589, WORDEN, C. J., said: "The statute, it is true, provides that in actions to recover possession of real estate, every defence, whether legal or equitable, may be given in evidence under the general denial. 2 G. & H. 283, sec. 596. But it by no means follows that a defendant may not plead his defence specially. We think he may do so."

A defendant is not harmed by a ruling sustaining a demurrer to a paragraph of his answer, although it is good, if he has another paragraph under which the same matters are admissible in evidence. The reason is obvious. The paragraph remaining in his answer enables him to secure the full benefit of all his evidence. His rights are in no wise abridged. It is otherwise where a plaintiff's demurrer to a bad answer is overruled. In such a case the plaintiff is necessarily injured, because that is adjudged a bar, which in law constitutes no defence whatever. The effect of a ruling upholding a bad answer is to adjudge, that, if the defence pleaded is proved, the defendant is entitled to a verdict. The plaintiff can not rightfully be driven to deny matters which constitute no bar to his action, and his confession

would not entitle the defendant to a judgment. Nor can the plaintiff avoid such an answer by a reply, for in legal contemplation there is nothing to avoid. ·The only course which a plaintiff can pursue is to demur to the bad answer, and take the judgment of the court upon it. The question we are examining was presented in *Abdil* v. *Abdil*, 33 Ind. 460, precisely as it is here. In that case WORDEN, J., in delivering the opinion of the court, said: "In an action to recover real estate, all matters of defence can be given in evidence under the general denial; and in such case, if good special answers are held bad, the error may be harmless, because the defendant can offer the matter pleaded, under the general denial, and avail himself of any question of law arising thereon by instructions, or otherwise. But where bad special answers are held good, it is not perceived that the plaintiff is in any way benefited by the general denial being in. He has no mode of availing himself of the objections to the answer but by demurrer, and that being overruled, if the answer is true in point of fact, his case is at an end." The rule declared in the case from which we have quoted is the correct one. Expressions indicating or sanctioning a different doctrine found in the cases of *Jordan* v. *D'Heur*, 71 Ind. 199, *Thomas* v. *Hamilton*, 71 Ind. 277, *Webster* v. *Bebinger*, 70 Ind. 9, *DeArmond* v. *Stoneman*, 63 Ind. 386, and *McGee* v. *Robbins*, 58 Ind. 463, are disapproved. The case of *Reagan* v. *Hadley*, 57 Ind. 509, is not directly in point upon the question here under examination, but if it were fully in point it would not avail appellee, for, in so far as it lends him any support, it is in conflict with the later case of *Johnson* v. *Breedlove*, 72 Ind. 368.

The second paragraph of appellee's answer is plainly insufficient. It alleges that he had claimed certain property as exempt from execution, and that the sheriff refused to allow his claim, but it does not show, directly or indirectly, that the appellants' title is founded on a sheriff's sale. For

anything that appears in the answer, the appellant's title may have been derived by deed from persons with whom the appellee was in no way connected, either by privity of estate or privity of contract. The answer does not allege that the appellee had any title to said lot, nor are any facts stated from which any such inference can be drawn, although the utmost liberality of construction should be adopted. An execution defendant can not claim to exempt property in which he has no title, and it does not appear that the appellee ever had any title to the real estate described in the complaint. The answer confesses, but does not avoid, the averment of the complaint, that appellants are "the owners in fee of the real estate described."

The third paragraph of the answer alleges that appellants obtained judgment against appellee and two others; that execution was issued and levied on the real estate described in the complaint; that the appellee filed with the sheriff a schedule of his property, amounting to $95.65, "and," to quote from the answer, "at the same time demanded that the remainder of the $300 allowed him by law, the appellee being then a citizen and householder of the county, be set off to him in said real estate, to wit, $204.25; that the sheriff refused to set off to him the amount allowed by law, but did sell said property to the appellants."

This paragraph is insufficient for the reason, among others, that it does not show that the appellee took the steps required by law to secure the exemption of the property in controversy. The allegation is that "the defendant filed with the sheriff a schedule of his property." This is far from showing the filing of such a schedule as the law requires. It does not appear that it contained all of the appellee's property; it does not appear that it was verified; nor does it appear that it "contained a full account of all property held at the time the writ was issued." For aught that appears, the appellee may have been the owner of other

property when the execution was issued, and, indeed, of other property exceeding in value three hundred dollars when the writ was levied. The presumption is that the officer did his duty, and this presumption is not overcome by the allegation that appellee filed a schedule. It is incumbent upon the appellee to show the filing of such a schedule as the law requires, or the presumption that the sheriff did his duty must prevail. Our statute is clear and explicit upon this subject. It provides that, "until such inventory and affidavit shall be furnished to such officer, he shall not set apart any property to the execution defendant as exempt from execution." 2 R. S. 1876, p. 352; Acts 1861, p. 119.

Judgment reversed.