The Louisville, New Albany and Chicago Railway Company v. Balch.

Filed Jan. 22, 1886.

———————— ◆ ————————

No. 11,831.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. BALCH.

VERDICT.—*Special and General.—Judgment.—Practice.*—Where, under the statute, a party demands a special verdict, he is entitled to a special finding of all the facts proved in the case, and to the judgment of the court upon those facts.

SAME.— *When General Verdict Must be Disregarded.*—If, upon a demand being made for a special verdict, both a special and a general verdict are returned by the jury, the general verdict must be disregarded.

CONVERSION.—*Question of Law and Fact.—Special Verdict.—Practice.*—The question of a wrongful conversion of property is generally a mixed question of law and fact, and when a special verdict is to be returned the jury find the facts and the court applies the law.

SAME.—*Failure of Jury to Find Material Facts.— Venire de Novo.—Railroad.*— Where the jury, in a special verdict, find that the defendant, a railroad company, "took and converted the property in controversy to its own use," but do not set out the facts upon which such conclusion is based, the court should send them to their room to perfect their verdict, or if this be not done, a *venire de novo* should be granted.

The Louisville, New Albany and Chicago Railway Company *v.* Balch.

SAME.—*Sufficiency of Complaint Alleging Conversion.*—A complaint against a railroad company, alleging that the defendant unlawfully and wrongfully took, converted and appropriated the property in controversy to its own use by hauling it away and using it in its road, sufficiently charges a conversion.

SAME.—*Location of Property.—Motion to Make Specific.—Practice.*—Where, by reason of the loss of his memorandum, the plaintiff alleges that he is unable to locate the property any more definitely than that it was along the line of the defendant's road in certain counties, it is not a reversible error to overrule a motion to make the complaint more specific.

From the Clinton Circuit Court.

*G. W. Easley, W. F. Stillwell, S. O. Bayless* and *W. H. Russell,* for appellant.

*J. V. Kent, J. W. Merritt* and *O. E. Brumbaugh,* for appellee.

ZOLLARS, J.—Appellee brought this action to recover the value of a large amount of bridge timber, piling timber and railroad cross-ties, which he alleges appellant took and converted to its own use.

It is averred in the complaint that appellee was the owner of such timber and ties, located along the line of appellant's road in the counties of Carroll, Clinton, Boone, Hamilton and Marion, and that he was unable to give a more particular description of the exact location, because of the loss of a memorandum. A motion to make the complaint more certain as to the location of the property was overruled, and appellant excepted. Error is predicated upon this ruling.

We do not think that it was such an error as would justify a reversal of the judgment. If appellant took and converted the property as charged, it might have been impossible for appellee to discover its exact location when so taken, in the absence of a memorandum which he seems to have had and lost.

Under the assigned error in overruling a demurrer to the complaint, appellant's counsel argue that it does not sufficiently charge a conversion of the property by appellant.

We think otherwise. It is charged that appellant unlaw-

fully and wrongfully took, converted and appropriated to its own use all of the property, by hauling it away, and by putting it into the construction of repairs and other uses of the railroad, and by refusing to allow appellee to remove or use his said property. These averments clearly constitute a charge of conversion, and hence the demurrer to the complaint was properly overruled. *Gordon* v. *Stockdale*, 89 Ind. 240, and cases there cited. See, also, *Robinson* v. *Skipworth*, 23 Ind. 311; *Proctor* v. *Cole*, 66 Ind. 576; *Terrell* v. *Butterfield*, 92 Ind. 1; *Nelson* v. *Corwin*, 59 Ind. 489; *Nichols* v. *Newsom*, 2 Murphey (N. C.), 302; *Badger* v. *Hatch*, 71 Maine, 562; *Spencer* v. *Blackman*, 9 Wend. 167; *Ferguson* v. *Clifford*, 37 N. H. 86; *Laverty* v. *Snethen*, 68 N. Y. 522 (23 Am. R. 184); *Syeds* v. *Hay*, 4 T. R. 260; *Bristol* v. *Burt*, 7 Johns. 254.

Before the argument, appellant, by its counsel, requested that the jury should be required to find and return a special verdict.

The jury returned a general verdict in favor of appellee, assessing his damages at $4,520, and also a special verdict. In the body of this special verdict is also injected a general verdict in favor of appellee. When these verdicts were returned by the jury, appellant objected to the reception of the general verdict, and subsequently moved to strike it out. Appellant also objected to the discharge of the jury until they should render a more perfect special verdict. These objections and motion were overruled, and appellant excepted. Thereupon appellant moved for a *venire de novo*, on the ground that the special verdict is not a finding of the material facts in the case, but embodies conclusions of law.

We think that the court clearly erred in refusing to require the jury to perfect their special verdict, and in overruling appellant's motion for a *venire de novo*. Appellee's counsel seem to have tried the case, upon the theory that the jury had the right to return both a general and special verdict, even though a special verdict was demanded. The court also seems to have proceeded upon the same theory, and hence charged the jury

at length as to the law of the case. In these charges, the jury were instructed at length as to what acts by appellant would amount to a conversion of the property. These instructions, doubtless, influenced the jury in arriving at their general verdict, and in reaching the general conclusion in the special verdict, that appellant had converted the property to its own use.

Verdicts are thus defined by the statute: "The verdict of a jury is either general or special. A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant. A special verdict is that by which the jury find the facts only, leaving judgment thereon to the court." R. S. 1881, section 545.

It is further provided in section 546 that, "In all actions, the jury, unless otherwise directed by the court, may, in their discretion, render a general or special verdict; but the court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues; and in all cases, when requested by either party, shall instruct them, if they render a general verdict, to find specially upon particular questions of fact, to be stated in writing. This special finding is to be recorded with the verdict."

These sections of the statute clearly provide for two kinds of verdicts, a special and general verdict. They do not together form one verdict, but are separate and distinct. A general verdict is a finding generally for the plaintiff or defendant upon the facts and the law as given by the court in instructions. A special verdict is a finding of the facts only. In this, the jury have nothing to do with the law. The court does not instruct them as to the law, but in the rendition of the judgment, applies the law to the facts found by the jury. *Indianapolis, etc., R. W. Co.* v. *Bush*, 101 Ind. 582.

There is a marked distinction between a special verdict and interrogatories propounded to the jury. These are allowed only in case a general verdict is found, and are allowed for the purpose of discovering whether or not the jury have

The Louisville, New Albany and Chicago Railway Company v. Balch.

rested their verdict upon sufficient, material and consistent facts. They may be propounded in reference to one or more of the material facts in the case. Such interrogatories can not accompany a special verdict, because the special verdict is itself the finding of the facts. It is perfectly consistent to allow interrogatories to accompany a general verdict, for the reasons stated, but it would not be consistent to allow both a general and special verdict in the same case, for the reason that one finds both the law and the facts of the case, while the other finds the facts only, leaving the law for the court in the rendition of the judgment. Each is a mode different from the other, in reaching the final conclusion in the case, and settling the ultimate rights of the parties.

The jury, unless otherwise directed, may find either a general or special verdict, but if, upon the request of either party, they are required to find a special verdict, they should not return a general verdict also. These views are fully sustained by the well considered case of *Todd* v. *Fenton*, 66 Ind. 25.

It was suggested in the case of *Graham* v. *State, ex rel.*, 66 Ind. 386, that under section 546 of the statutes, *supra*, the court might direct the jury to find the facts specially which might be proved in relation to some of the issues, and to find a general verdict upon the others. However that may be, such a special finding would not be the special verdict mentioned in section 545 of the statutes, nor such a special verdict as a party has the right to demand, and as was demanded in the case before us. When a party demands a special verdict generally, he is entitled to a special finding of all the facts proven in the case, and to the judgment of the court upon those facts. When such a verdict is demanded, there is no place for a general verdict in the same case. If, in such a case, both are returned by the jury, one or the other must be disregarded, because they are inconsistent modes of reaching the final determination of the controversy between the par-

ties.  In the case in hearing, a special verdict was demanded by appellant.  That demand neither the court nor the jury could disregard.  A special verdict was returned, and being the verdict demanded, it was the verdict, and the only verdict, that could be considered in the rendition of the final judgment.  The general verdict returned with it had no office to perform, and should have been disregarded by the court below, as it must be by this court.  Being thus disregarded, it will not affect the rights of the parties in any way; and if thus disregarded, the overruling of appellant's motion to strike it out is rendered harmless.

In support of appellee's contention that the jury may return both a general and special verdict, we are cited to the cases of *Hershman* v. *Hershman*, 63 Ind. 451, and *Webster* v. *Bebinger*, 70 Ind. 9.

In the case of *Hershman* v. *Hershman*, *supra*, the jury returned a general verdict, and, also, what they denominated a special verdict in addition to the general verdict.  In that case, the question does not seem to have been made as to whether or not the jury could render both a general and special verdict.  Nor had there been a demand for a special verdict, as in the case before us.  The case was disposed of upon the theory that the general verdict was the verdict in the case, and should be upheld unless overthrown by the special finding of facts.  The so-called special verdict was not treated as a separate verdict, but as a part of the general verdict, and made to perform the office of answers to interrogatories in sustaining or overthrowing the general verdict.  But if the case should be regarded as authority in support of the proposition, that with a general verdict, and as a part of it, the jury may return a special verdict finding the facts, it could not be regarded as authority in support of the proposition, that when directed to find and return a special verdict, the jury may also return a general verdict, either as a part or independent of the special verdict.

The purpose of a special verdict is to avoid the mistakes

The Louisville, New Albany and Chicago Railway Company v. Balch.

that the jury may make in the application of the law to the facts, and hence a demand for a special verdict is a demand that there shall be no general verdict. If, over these demands, a general verdict may be returned with the special verdict, and be given effect, the purpose of the special verdict is thwarted, and the statute authorizing it is rendered nugatory.

In the case of *Webster* v. *Bebinger, supra,* it is said that there was a general and special verdict for the defendant. What the special verdict was, is not stated in specific terms, nor is it shown that a special verdict had been demanded. No question seems to have been made as to whether or not the jury may return both a general and special verdict, nor was that question decided. The following is the whole of the opinion upon the question: "No error was committed in refusing to strike out the general verdict, if the special verdict is sufficient; and, if the special verdict is sufficient, it was not error to refuse to grant a *venire de novo.*" That case, we think, can not be regarded as authority in support of appellee's contention.

Sustaining appellant's right to a special verdict, and disregarding the general verdict returned by the jury, we pass to a consideration of the special verdict. The whole of it in relation to the alleged conversion of the property by appellant, is as follows: "We further find that the Louisville, New Albany and Chicago Railway Company took and converted all of said property to her own use, and that said property at that time was of the value of four thousand five hundred and twenty dollars." Appellant's contention that this portion of the verdict is not a statement of facts, but a statement of a conclusion of law, can not be disregarded.

The question of a wrongful conversion of property, like the question of negligence, is generally a mixed question of law and fact. The facts must be found by the jury, when the trial is by jury, and the law is for the court. When a general verdict is to be returned, the jury take the facts from

the witnesses, and the law from the court in the way of instructions. When a special verdict is to be returned, the jury find the facts, and the court, in pronouncing judgment, applies the law to the facts, and decides whether or not the facts found constitute a wrongful conversion. One person may take and remove the property of another without being guilty of a wrongful conversion of the property. Such taking and removal may be by the consent, express or implied, of the owner, or it may be done through an honest mistake. In neither of these cases would the taking and removal amount to a wrongful conversion of the property. So far as shown by the finding of any fact in the special verdict, appellant was guilty of no wrong in connection with the property. It is found that it took the property, but there is no fact found that makes that taking wrongful.

The finding, that appellant converted the property to its own use, is a conclusion of law, resting upon facts which are not shown in the verdict. Were these facts shown, they might, or they might not, constitute a wrongful conversion by appellant.

The jury should have found the facts, and left it for the court to say whether or not, as a matter of law, they constitute a wrongful conversion of the property. The jury had no right to embody in their special verdict the conclusion of law, and such conclusion must, therefore, be disregarded and rejected, as forming no part of the verdict.

If the special verdict, aside from the conclusion of law, contained sufficient facts to lead to and support a judgment, it might be upheld, but it does not. It is apparent that the jury attempted to state sufficient to make appellant liable, but failed to do so, by stating a conclusion of law instead of facts. The court, therefore, should have sent the jury to their room to perfect their verdict, and having failed to do that, should have sustained the motion for a *venire de novo*. See *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186, and cases

there cited; *Indianapolis, etc., R. W. Co.* v. *Bush, supra;* *Knox* v. *Trafalet,* 94 Ind. 346.

The errors of the court in overruling appellant's motions in relation to the special verdict are not technical errors that this court may disregard. The law gave to appellant the right to demand a special verdict. It had the right to demand that that verdict should be such as that the court could declare the law and pronounce judgment upon it.

Other questions are discussed by counsel, but as they may not arise upon another trial we decide nothing in relation to them.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to the court below to sustain appellant's motion for a *venire de novo.*

