Palmerton *et al. v.* Hoop. ,

---

No. 15,606. ·

## PALMERTON ET AL. *v.* HOOP.

PRACTICE.—*Sustaining Demurrer to Special Answer.—Facts Provable Under General Denial.*—It is not error to sustain a demurrer to a good affirmative paragraph of answer when all the allegations of facts contained in it can be proved under the general denial. ·

JUDGMENT.— *Void and Voidable.— When is.*—A judgment of a court of competent jurisdiction is not void unless the thing making it so is apparent upon the face of the record. If the infirmity do not so appear, the judgment may be voidable, but it is not void.

SAME.—*Fraud.—Judgment Obtained by, Binding on Parties.*—A judgment obtained by fraud is binding on the parties until set aside in some proceeding instituted for that .purpose. ·

SAME.—*Death of Defendant Before Judgment Rendered.*—If a defendant has been served with process and then dies, a judgment thereafter rendered against him is not void nor open to collateral attack.

ADMINISTRATOR'S SALE.— *Voidable.—Five Years' Statute of Limitations.*—A party to a voidable sale of land by an administrator is barred by the five years' statute of limitations.

SAME.—*Estoppel.—Heir Receiving Proceeds of Voidable Sale.*—An heir of the decedent who receives and retains a part of the proceeds of an administrator's sale which is voidable by reason of some defect in the proceedings, is estopped to contest the validity of such sale.

SAME.—*Death of Heir After Notice and Before Sale.—No Second Notice.—Effect on Sale.*—If an heir of the decedent die after notice given him of the commencement by the administrator of proceedings to sell real estate to pay debts of the estate, and a sale thereafter takes place without any further notice (or any suggestion of the death of such heir), and is affirmed, such sale is valid, and the heirs of such heir can not attack its validity. ·

SAME.—*Fraud.—Death of Heir.—Failure to Give Second Notice.*—A. died and left five heirs. B., one of the heirs, took out letters of administration, procured an order to sell lands to pay debts, but died before sale. C. was appointed administrator *de bonis non*, and secretly sold the land to D. at its appraised value, but for less than half that E. offered for it, with the fraudulent design of putting the title to the land in the latter, and of cheating the heirs of A. and B. The heirs of B. were not made parties to the proceedings to sell, and had no notice thereof, and were minors. The sale was affirmed.

*Held*, that the sale was not void nor subject to collateral attack.

From the Shelby Circuit Court.

*H. Dailey* and *J. B. McFadden,* for appellants.
*K. M. Hord* and *E. K. Adams,* for appellee.

COFFEY, J.—The complaint in this cause consists of three paragraphs.

The first paragraph consists of the ordinary complaint for the recovery of the possession of real estate.

The second paragraph alleges that the appellants are the owners in fee, and entitled to the possession, of the three-fifths of the land described therein ; that they are the heirs at law of Francis M. Palmerton, who died in the year 1872 ; that said Francis was the son and heir of Homer Palmerton, who died in the year 1870 seized in fee of the land described in the complaint, with other lands in Shelby county, one-fifth of which descended to the said Francis, subject to the payment of its portion of the debts of the said Homer ; that the said Homer left four other heirs, two of whom conveyed to the said Francis and the appellant Margaret Van Dorn, who was at that time the wife of said Francis; that the said Francis took out letters of administration on the estate of Homer Palmerton, and procured an order of the proper probate court to sell said land for the payment of the debts due from said estate, but died before a sale was consummated ; that David Smith was appointed administrator *de bonis non* of said estate, and sold the land to the appellee for the sum of twelve dollars per acre, when he was offered by another person, who was able, willing and ready to purchase the same at the sum of twenty-five dollars an acre ; that the sale was made by Smith to the appellee without the knowledge or consent of the person offering twenty-five dollars an acre for the same, and without the knowledge or consent of the appellants, or either of them, and for the fraudulent purpose of putting the title in the appellee, and for the purpose of cheating and defrauding the appellants; that the appellee is now in the possession of the land under said purchase, and that he has no other title thereto, and that for more than ten years

last passed he has kept the appellants out of possession of said land.

The third paragraph is, in legal effect, the same as the second, except that it alleges, in addition, that Smith, the administrator, and the appellee conspired together to sell the land to the appellee for less than one-half its value.

Each of the paragraphs of the complaint prays for possession of the land and damages for its detention.

The appellee answered :

*First.* The general denial.

*Third.* To the second and third paragraphs of the complaint the five years' statute of limitations.

*Fourth.* To the first paragraph of the complaint the five years' statute of limitations, averring that the appellee holds the land under an administrator's sale.

*Fifth.* Estoppel ; alleging that a part of the purchase-money paid for the land at administrator's sale was received by the adult heirs of Francis M. Palmerton and a part by the guardian of his infant heirs ; that the infants have since become of age, and settled with their guardian, and have received their portion of said money ; that all the appellants still hold the purchase-money for said land so received by them.

The appellee also filed a cross-complaint setting up title in himself and asking to quiet his title. He also filed a claim under the occupying claimant's act.

A number of affirmative answers were filed by the appellants to the cross-complaint of the appellee, to which the court sustained a demurrer.

The appellants Francis M. and Emma M. Palmerton filed a separate reply, consisting of five paragraphs, the first being a general denial.

The second is addressed to the third paragraph of the answer, and admits the purchase by the appellee at administrator's sale, but alleges that they were not parties to the proceeding which resulted in the order for the sale, and had no

notice thereof, and that they had no notice of the fraud set up in the complaint until a few days prior to the commencement of the suit.

The third paragraph of the reply is addressed to the fourth paragraph of the answer, and alleges that they were not parties to the proceeding resulting in the order to sell the land, and had no notice thereof; that at the time the petition for the sale of the land was filed they were minors, under the age of twenty-one years, and that they are yet under the age of twenty-one years; that they had no notice of the fraud alleged in the complaint until a short time before the commencement of this suit.

The fourth paragraph of the reply is addressed to the fifth paragraph of the answer, and alleges that the order to sell the land was obtained by Francis M. Palmerton, and that he died before the sale was consummated; that Smith was appointed administrator *de bonis non,* and procured an order for reappraisement of the land, and to sell at private sale, without any notice of his application therefor; that he procured the order in the year 1874, and in the year 1875 sold the land to the appellee for its full appraised value, but for less than one-half of its actual value, when he was offered more than double the sum paid by the appellee; that the appellee was one of the appraisers who reappraised the land.

The fifth paragraph of the reply is addressed to the third, fourth, fifth and sixth paragraphs of the answer, and alleges substantially the same facts set up in the second and third paragraphs of the complaint, and, in addition thereto, that the appellants Francis M. and Emma M. Palmerton are yet minors under the age of twenty years; that Smith, as administrator, procured a reappraisement of the land, and an order to sell at private sale, without giving any notice of his application therefor, and that appellee was one of the appraisers who reappraised the land, and that the appellants did not discover the fraud alleged in the complaint until the year 1888.

The appellants also filed a joint reply consisting of five paragraphs, which do not differ materially in legal effect from the separate replies filed by the appellants Francis M. and Emma M. Palmerton, above set forth.

The court sustained a demurrer to each of the several affirmative replies; and the appellants, electing to stand on these pleadings, withdrew the general denials, and the appellee had judgment for costs.

No question is made in this court as to the sufficiency of the complaint, or as to the sufficiency of the answers above referred to. It is urged, however, that the circuit court erred in sustaining demurrers to the affirmative answers to the appellee's cross-complaint and to the affirmative replies.

No available error was committed by the circuit court in sustaining a demurrer to the affirmative answers of the appellants to the cross-complaint of the appellee to quiet title, as all defences thereto were admissible under the general denial which was pleaded.

*Webster* v. *Bebinger,* 70 Ind. 9.; *Over* v. *Shannon,* 75 Ind. 352; *East* v. *Peden,* 108 Ind. 92 ; section 1055, R. S. 1881.

Each paragraph of the complaint in this cause proceeds upon the theory that the sale of the land in controversy by the administrator of the estate of Homer Palmerton was absolutely void.

In other words, each paragraph of the complaint is to recover the possession of the land and damages for its detention upon the assumption that the title of the appellants has never been divested. Upon this theory the appellants must recover, if they recover at all, in this action. In all pleadings subsequent to the complaint it appears that an order was made, upon proper petition, by a court of competent jurisdiction, with the proper parties before the court, to sell the land for the payment of the debts due from the estate of Homer Palmerton ; that a sale was made, the purchase-price paid, the sale reported to the court and approved, and a deed made by the administrator and approved by the court.

It remains, therefore, to inquire whether the matters relied on by the appellants rendered the sale void.

It is contended by the appellants that the sale was void, for the reason :

*First.* That there was a fraudulent conspiracy and combination between the administrator and the appellee to transfer the title to the land for much less than its value.

*Second.* For the reason that the appellants were not parties to the proceedings to sell the land, and had no notice thereof, and are not, therefore, bound by the orders and judgments of the court.

The fraud alleged in the complaint did not render the judgment of the court confirming the sale void. A judgment of a court of competent jurisdiction is not void, in a legal sense, unless the thing making it so is apparent upon the face of the record.

If the infirmity do not so appear the judgment may be voidable, but it is not void. *Earle* v. *Earle,* 91 Ind. 27.

A judgment obtained by fraud is binding on the parties until set aside in some proceeding instituted for that purpose. *Weiss* v. *Guerineau,* 109 Ind. 438.

As we understand the pleading before us, it is not claimed that the appellant Mrs. Van Dorn was not a party to the proceeding resulting in an order to sell the land. The claim is, as we understand it, that after the death of Francis M. Palmerton, the former administrator, and the appointment of Smith as administrator *de bonis non,* the heirs of the said Francis, to whom three-fifths of the land descended, were not made parties to the subsequent proceedings resulting in a sale and conveyance of the land to the appellee.

By an act of the General Assembly, approved February 23d, 1855 (R. S. 1876, p. 525), in force at the time the sale in question was made, Smith, the administrator *de bonis non,* was authorized to sell the land on the order procured by his predecessor in the trust.

By the death of Francis M. Palmerton Mrs. Van Dorn,

who was then his wife, became the owner of two-fifths of the land in dispute as the survivor of her husband. She also became the owner of one-third of one-fifth as his widow. As she was a party to the proceeding, she is bound by all that was done in the case, and is barred by the five years' statute of limitations. She is also estopped from claiming the land by reason of accepting and still retaining a part of the price for which it was sold. She can not have both the land and the purchase-price. *Jennings* v. *Kee*, 5 Ind. 257; *State, ex rel.*, v. *Stanley*, 14 Ind. 409; *Dequindre* v. *Williams*, 31 Ind. 444; *Terre Haute, etc., R. R. Co.* v. *Norman*, 22 Ind. 63; *Webster* v. *Bebinger*, *supra; Bumb* v. *Gard*, 107 Ind. 575.

It follows that the joint replies of herself and the other appellants were bad, and the court did not err in sustaining the demurrer thereto.

It remains to inquire whether the failure to make the other appellees, who are the minor children of Francis M. Palmerton, parties to the proceeding, after his death and before confirmation of the sale, renders the sale, as to them, void.

There is no question made as to the fact that the court had jurisdiction of Francis M. Palmerton, their father, at the time of his death. When the land descended to them they took it, therefore, subject to the order previously made by the court to sell it. All that remained to be done was to sell the land, report the sale to the court, procure its confirmation, and execute a deed to the purchaser.

The fact that Francis M. Palmerton died did not deprive the court of jurisdiction to render a judgment of confirmation.

Black on Judgments, section 200, says: " The great preponderance of authority is to the effect that, where the court has acquired jurisdiction of the subject-matter and the persons, during the lifetime of a party, a judgment rendered against him after his death is, although erroneous and liable to be set aside, *not void* nor open to collateral attack." This doctrine seems to be fully sustained by the authorities cited

by Mr. Black in its support.   See, also, Freeman Judgments, sections 140–153.

Where it appears upon the face of the record that a party against whom judgment is rendered was dead at the date of the judgment, Mr. Freeman, section 153, *supra*, says : " Even in such cases the judgment is simply erroneous, but not void. This is because the court, having obtained jurisdiction over the party in his lifetime, is thereby empowered to proceed with the action to final judgment; and, while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal if the fact of the death appears upon the record, or by writ of error *coram nobis* if the fact must be shown *aliunde*."

Following these authorities, we are constrained to hold that the judgment of the court confirming the sale made by Smith, administrator *de bonis non*, to the appellee is not void, and is not subject to a collateral attack like this.   In the matter of a collateral attack on a judgment a minor stands in no better situation than an adult.

It follows that the court did not err in sustaining the demurrer of the appellee to the several affirmative replies of the appellants Francis M. and Emma M. Palmerton.

Judgment affirmed.

Filed March 29, 1892.