### CLEVELAND, CINCINNATI, CHICAGO & ST LOUIS RAILWAY CO. v. ST. BERNARD (VIL.)

1. ORDINANCE REQUIRING RAILWAY TO LIGHT TRACKS.
   A village ordinance requiring a railway company to light its tracks as provided in secs. 2494 to 2499, Rev. Stat., is not rendered nugatory by failure on the part of the village to notify the railway company of its intention to pass such ordinance.

2. LOCATION OF LIGHTS.
   Although any particular lamp may not be placed by the village on the railway track, yet if it lights the tracks as well as the location permits, the primary object of the statute and the ordinance is accomplished the particular location of the lamp is immaterial.

3. STATUTE AS TO SPECIAL VERDICTS MANDATORY.
   Prior to the amendment of sec. 5201, Rev. Stat., it was discretionary with the court to grant a request for a special verdict but the amendment, providing that "the court shall, at the request of either party, direct them (the jury) to give a special verdict, etc," made the statute mandatory.

4. PRACTICE—RIGHT OF COUNSEL TO ASSUME THAT COURT WOULD DIRECT.
   Where, at the close of plaintiff's evidence, defendant's counsel called the attention of the court to the fact that they had filed in the office of the clerk of the court a demand in writing for a special verdict, and the court at the time made no ruling on such request, counsel were justified in assuming that after the evidence was all in the court, thus apprised of such request, would so instruct the jury; and it would be error to neglect to do so.

5. JURY NOT BOUND BY DRAFTS FOR SPECIAL VERDICT.
   Either or both parties may submit a draft of a special verdict upon all or any of the issues in the case, under secs. 5200 and 5201, Rev. Stat., but the jury would be bound by neither, for the statute directs them to find the facts.

ERROR to the Court of Common Pleas of Hamilton county.

GIFFEN, J.

The action below was brought by the village of St Bernard to recover the expense of lighting the railway track after notice to the railway company to do such lighting as provided in sec., 2494 to 2499 inc., Rev. Stat.

1. The first error assigned is that the village passed the ordinance; requiring the railway company to light, without first notifying the company of its intention.

The only notice provided by the statute is under sec. 2496, Rev. Stat., as follows:

"Notice of such requirement to light any bridge or railway shall be given at least twenty days before any penalty or charge shall be imposed for default."

This notice was given in due time.

2. It is claimed the court erred in charging the jury, in substance, that although any particular lamp was not placed by the village on the railway track, yet, if it lighted the tracks as well as the location would admit, and although it incidentally lighted the streets, yet the village would be entitled to recover.

The primary object of the statute and the ordinance was the lighting of the railway track, and the particular location of the lamp is not material if it effects the purpose. C. H. & D. R. R. Co. v. Bowling Green, 6 Circ. Dec., 531, which was affirmed by the Supreme Court in 57 Ohio St., 836.

3. At the close of plaintiff's evidence defendant's counsel called the attention of the court to the fact that they had filed in the office of the clerk of the common pleas court a demand in writing for a special verdict herein, to-wit:

"Comes now the defendant and requests the court to direct the jury to find and return a special verdict in this cause by finding all the material facts under the issues formed and evidence given in the cause."

The court at the time made no ruling on such request, but counsel were justified in assuming that, after the evidence was all in, the court would so instruct the jury. However, it charged the jury generally upon the law as well as the facts.

Thereupon the defendant, by its counsel, excepted to the court giving to the jury any instruction upon the law of the case, and further excepted generally to the charge of the court.

After the jury had retired to the jury room, but before they had been directed to consider of their virdict, the defendant requested the court to send to the jury its draft of a special verdict and finding of facts, which request was refused; and thereupon the court instructed the jury to consider of their verdict, and after deliberation it returned into open court with a general verd·~t, and before the same was received the defendant moved the court that .ie jury be required to return to the jury room and find all material facts in this cause specially, which motion was overruled and the general verdict was received. To all which the defendant at the time excepted. It would seem from the foregoing facts, as they appear of record, the court was apprised in due time of the demand of the defendant for a special verdict, and the only question remaining is whether the court erred in refusing to so direct the jury.

Section 5200, Rev. Stat., is as follows:

"The verdict of a jury must be either general or special; a general verdict is that by which the jury finds, generally, upon all or any of the issues, in favor of either the plaintiff or defendant, a special verdict is that by which the jury finds the facts only, and it must present the facts as established by the evidence, and not the evidence to prove the facts; and the facts must be so presented that nothing shall remain for the court but to draw from them conclusions of law."

Section 5201, Rev. Stat., is as follows:

"In all actions the jury, unless otherwise directed by the court, may, in its discretion render either a general or a special verdict; but the court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues, and in all cases, when requested by either party, the court shall instruct the jurors, if they render a general verdict, to find special upon particular questions of fact, to be stated in writing, and shall direct a written finding thereon, and the verdict and finding must be filed with the clerk and entered on the journal."

Prior to the amendment of the latter section, 91 O. L., 298, it was discretionary with the court to grant a request for a special verdict, but since the provision was there added that "the court shall, at the request of either party, direct them to give a special verdict, etc., " there can be no doubt that it is now mandatory. B. & O. R. R. Co. v. McCamey, 5 Circ. Dec., 631.

It will be observed that the demand in this case was for a special verdict and not for a special finding upon particular questions of fact, either of which may be demanded under sec. 5201, Rev. Stat.

The latter demand alone was made and considered by the court in Davis v. Guarnieri, 45 Ohio St., 470, although the court denominates the answers to the interrogatories a special verdict upon particular facts. If the demand in that case had been simply for a special verdict it would have been improper to return a general verdict, together with a special finding on particular facts.

Section 5200, Rev. Stat., provides that the verdict must be general or special.

"A special verdict is that by which the jury finds the facts only, and it must present the facts as established by the evidence and not the evidence to prove the facts; and the facts must be so presented that nothing shall remain to the court but to draw from them conclusions of law."

The statute in the state of Indiana is almost identical with above, and it has been there held that " if conclusions of law are found the same should be disregarded." Railway Co. v. Busch, 101 Ind. ,58?; Railway Co. v. Adams, 105 Ind., 151; Railway Co. v. Burger, 124 Ind., 275.

"If a general and special verdict is returned the general verdict will be disregarded." Railway Co. v. Balch, 105 Ind., 93.

The special verdict provided for by the statute, and as construed in the above Indiana cases, is a finding of all the facts in issue and not a special finding upon particular questions of fact.

We conclude, therefore, that the court erred in its refusal to direct the jury to return a special verdict, and that the defendant duly excepted thereto.

It is contended, also that the draft of a special verdict submitted by plaintiff in error does not cover all the material issues in the case, and contains findings of evidential facts and finding not supported by any testimony. It was, no doubt, proper for plaintiff in error to submit a draft of a special verdict, and the defendant in error could have availed itself of a like privilege by submitting a draft in accordance with its views; but the jury would be bound by neither, for the statute directs it to find the facts. Judgment reversed and cause remanded.

*Harmon, Colston, Goldsmith & Hoadly* and *S. O. Bayless,* for plaintiff in error.

*Samuel B. Hammel,* for the village.