Gieeen, J.
The action below was brought by the village of St. Bernard to recover the expense of lighting the railway track after notice to the railway company to do such lighting, as provided in sections 2494 to 2499 inclusive, of the Revised Statutes of Ohio.
1. The first error assigned is that the village passed the ordinance, requiring the railway company to light, without first notifying the company of its intention.
The only notice provided by the statute is under section 2496, Revised Statutes, as follows:
“Notice of such requirement to light any bridge or railway shall be given at least twenty days before any penalty or charge shall be imposed for default.”
This notice was given in due time.
2, It is claimed the court erred in charging the jury, in substance, that although any particular lamp was not placed by the village on the railway track, yet, if it lighted the tracks as well as the location would admit, and although it incidentally lighted the street, yet, the village would be entitled to recover.
The primary object of the statute and the' ordinance was the lighting of the railway track, and the particular location of the lamp is not material if it effects the purpose. 9 O. C. C., 524, C., H. & D. R. R. Co. v. Village of Bowling Green (affirmed by supreme court in 57 Ohio St,, 336.)
*301 3. At the close of plaintiff’s evidence defendant’s counsel called the attention of the court to the fact that they had filed in the office of the clerk of the common pleas court a demand in writing for a special verdict herein, to-wit:
“Comes now the defendant and requests the court to direct the jury to find and return a special verdict in this cause by finding all the material facts under the issues formed and evidence given in the cause.’’
The court at the time made no ruling on such request, but counsel were justified in assuming that, after the evidence was all in, the ccurt would so instruct the jury. However, it charged the jury generally upon the law as well as the facts.
Thereupon the defendant, by its counsel, excepted to the court giving to the jury any instructions upon the law of the case, and further excepted generally to the charge of the court.
After the jury had retired to the jury room, but before they bad been direted to consider of their verdict, the defendant requested the court to send to the jury its draft of a special verdict and finding of facts, which request was refused; and thereupon the court instructed the jury to consider of their verdict, and after deliberation it returned into open court with a general verdict, and before the same was received the defendant moved the court that the jury be required to return to the jury room and find all material facts in this clause specially, which motion was overruled and the general verdict was received. To all which the defendant at tho time excepted It would seem from the foregoing facts, as they appear of record, the court was apprised in due time of the demand of the defendant for a special verdict, and the only question remaining is whether the court erred in refusing to so direct the jury. Section 5200 of the Revised Statutes is as follows:
“The verdict of a jury musí be either general or special; a general verdict is that by which the jury finds, generally, upon all or any of the issues, in favor of either the plaintiff or defendant; a special verdict is that by which the jury finds the facts only, and it must present the facts as estab *302 lished by the evidence, and not the evidence to prove the facts; and the facts must be so presented that nothing shall remain for the court but to draw from them conclusions of law.”
Section 5201 is as follows:
‘‘In all actions the jury, unless otherwise directed by the cohit, may, in its discretion, render either a general or a special verdict; but the court shall, at the request of either party, direct them to give a special verdict in writing upon all or any of the issues, and in all cases, when requested by either party, the court shall instruct the jurors, if they render a general verdict, to find specially upon particular-questions of fact, to be stated in writing, and shall direct a written finding thereon, and the verdict and finding must be filed with the clerk and entered on the journal.”
Prior to the amendment of the latter section (91 O. L., 298) it was discretionary with the court to grant a request, for a special verdict, but since the provision was there added that ‘‘the court shall, at the request of either party, direct them to give a special verdict, etc.,” there can be no doubt that it is now mandatory. Railroad Co. v. McCarney, 12 C. C., 543.
It will be observed that the demand in this case was for a special verdict,and not for a special finding upon particular questions of fact, either of which may be demanded under section 5201.
The latter demand alone was made and considered by the court in the case of Davis v. Guarnieri, 45 Ohio St., 470, although the court denominates the answers to the interrogatories a special verdict upon particular facts. If the demand in that case had been simply for a special verdict, it would have been improper to return a general verdict, together with a special finding on particular facts.
Section 5200 provides that the verdict must be general or special,
‘‘A special verdict is that by which the jury finds the facts only, and it must present the facts as established by the evidence, and not the evidence to prove the facts; and the facts must be so presented that nothing shall remain for the court but to draw from them conclusions of law.”
The statute in the state of Indiana is almost identical with *303 ihe above, and it has been there held that “if conclusions of law are found, the same should be disregarded,” Railway Co. v. Busch, 101 Ind., 582; Railway Co. v. Adams, 105 Ind., 151; Railway Co. v. Burger, 124 Ind., 275.
Harmon, Colston, Goldsmith & Hoadly and S. O. Bayless, for Plaintiff in Error.
Samuel B. Hammett, for the Village.
“If a general and special verdict is returned, the general verdict will be disregarded.” Railway Co. v. Balch, 105 Ind., 93.
The special verdict provided for by the statute, and as construed in the above Indiana cases, is a finding of all the facts in issue} and not a special finding upon particular questions of fact.
We conclude, therefore, that the court erred in its refusal to direct the jury to return a special verdict, and that the defendant duly excepted thereto.
It is contended also, that the draft of a special verdict submitted by plaintiff in error does not cover all. the material issues in the case, and contains findings of evidential facts and findings not supported by any testimony. It was no doubt proper for plaintiff in error to submit a draft of a special verdict, and the defendant in error could have availed itself of a like privilege by submitting a draft in accordance with its views; but the jury would be bound by neither, for the statute directs it to find the facts.
Judgment reversed and cause remanded.