## Stroble *against* Smith.

.The provisions of the act of assembly in relation to the acknowledgment of sheriff's deed are directory; and after a deed has been acknowledged and delivered to the purchaser, it is to be presumed that they have been complied with.

One who accepts a part of the purchase-money arising out of a sheriff's sale, is estopped from denying the validity of the sale.

ERROR to the common pleas of *Berks* county.

Henry W. Smith against Daniel Stroble. Ejectment for one hundred acres of land. The plaintiff, after having given in evidence a judgment and execution against William Senger and a sale of the land in dispute as his property to him, gave in evidence the sheriff's deed, dated the 12th of January 1837, and acknowledged the same day. It also appeared in evidence that the sale had been made to the plaintiff on the 11th of January 1837, by adjournment from the 22d of December 1836. The return day of the *venditioni exponas*, upon which the land was sold, was on the 2d of January 1837. It also appeared in evidence that Stroble, the defendant, was a judgment creditor of Senger and took the amount of his judgment out of the proceeds of the sale.

The defendant's counsel requested the court to charge the jury upon these points:

1. "That the plaintiff, not having complied with the requisitions of the 97th section of the act of the 16th of June 1836, directing and requiring that no acknowledgment of any sheriff's deed shall be allowed by the court, unless the same shall be made upon public proclamation in open court, at a time to be appointed by the court for the purpose, or notice shall have previously been affixed in the office of the prothonotary, specifying the names of the parties to the execution, and the name of the purchaser of such real estate, and the time at which said acknowledgment is intended to be made, at least one week after the return day of the writ of execution," he cannot recover.

2. "The plaintiff cannot recover, because the sale was made after the return day of the writ, contrary to the provisions of the act of assembly before mentioned."

*Banks*, president. "In answer to the first point, it appears that the acknowledgment was not made in conformity to the directions of the act. It is, however, conceded that Senger was the owner of the land, the defendant appears to be a mere trespasser. He has not shown any right in himself under Senger, or connection with him. He has not shown any right at all. I do not think that

[Stroble v. Smith.]

he can avail himself of any defect in the plaintiff's title. If Senger was satisfied, it is not for strangers to complain. It does not affect them injuriously. The provision was intended for the benefit of those interested. If they are content, strangers cannot interpose difficulties. It appears that the defendant had a lien on this same land, amounting to 474 dollars. This money was drawn and received by him out of the proceeds of the sheriff's sale. This would and does estop him from taking any advantage in this action of the matter proposed by the first point. For these reasons we refuse to charge as requested in the defendant's first point."

" There is nothing in the second point, and we refuse to charge as we are therein requested."

*Hilbert* and *Davis*, for plaintiff in error, relied upon the positive injunction of the act of assembly, providing for the notice to be given of the acknowledgment of a sheriff's deed; and that the law could not have been complied with, for the sale was made on the 11th and the deed acknowledged on the 12th of January.

*Smith, contra,* cited 1 *Rawle* 96; 2 *Yeates* 458; 1 *Buld.* 272; 10 *Peters* 272–6; 2 *Bin.* 80, 91; 1 *Serg. & Rawle* 92.

PER CURIAM.—In taking for granted that the directions of the statute had not been followed, the judge perhaps conceded too much—at least there is nothing in the evidence brought up with the record to show that any thing was omitted—and the principle, that every thing is presumed to have been rightly done in a court of record, is applicable to such a case. The construction pressed upon us by the defendant below, would make a sheriff's sale as ineffectual as formerly was a tax sale. But it is not said in any part of the statute, that the omission of a thing requested shall avoid the deed. It may be a reason to reject the acknowledgment; but it would be attended with an alarming degree of insecurity, were the title open to subsequent objection; and, to avoid a mischief so startling, it is necessary to consider the provisions of the section to be directory. Even were the deed inoperative, the defendant would be precluded from alleging it by the principle of Adlum *v.* Yard, 1 *Rawle* 171. He was, in effect, a party to the sale, and he confirmed it irrevocably, so far as he was concerned, by taking his share of the proceeds of it out of court.

Judgment affirmed.