The State on the relation of Parish Grove Township
v. Stanley.

THE STATE
v.
STANLEY.

Where the inhabitants of a township had received a part of the purchase-money of school lands, and interest for several years on the balance, and expended the money for the purposes contemplated by the grant, and the purchaser had taken possession and made valuable improvements, *held*, that they must be deemed to have acquiesced in the sale, and that they are estopped to deny its validity.

| 14 | 409 |
| 131 | 29 |
| 14 | 409 |
| 137 | 133 |
| 14 | 409 |
| 141 | 179 |
| 141 | 676 |

APPEAL from the *Benton* Circuit Court.

*Friday,
June 8.*

Worden, J.—This was an action by the appellant against the appellee, to recover possession of a part of the school section of land in the township named.

The defendant answered, admitting that on the 7th of *June*, 1849, the land belonged to the inhabitants, &c., and averring that on that day the auditor of the county, who was *ex officio* school commissioner, sold the same to *William T. Rowe*, and issued to him a certificate of purchase therefor, which certificate is set out, and shows that the land was sold for 400 dollars, 100 dollars of which was paid down, and the interest on the remainder of the purchase-money, for one year, paid in advance. The certificate appears to be in the usual form. It is averred that the sale thus made was approved by the board of commissioners of the county, at the *August* session thereof for the year 1849. It is further averred that *Rowe* immediately took possession of the land by virtue of his purchase and the certificate thereof, and made lasting and valuable improvements thereon; and that annually since the purchase, said *Rowe*, and the defendant in his behalf, have paid the interest in advance on the remaining 300 dollars of the purchase-money, at the rate of 7 per cent. per annum, making, in all, 189 dollars interest paid to the officers having charge of the school funds of the county; which interest, together with the 100 dollars principal paid at the time of the purchase, has been duly disbursed for the use of the schools in said congressional township; that no part of the same has been refunded, or offered to be returned, whereby

the sale has been ratified by the township; that the defendant, on the first of *January*, 1854, entered into possession of the land by virtue of an arrangement with said *Rowe*, and now claims to hold the same under and through his title so derived as aforesaid; wherefore, &c.

The plaintiff demurred to the answer, because—

1. It did not show that the auditor had any legal authority to sell the lands.

2. It did not show that the land had been previously offered for sale to the highest bidder according to law.

3. It did not show that a division of said land into lots to suit purchasers had even been made by the trustees.

4. It did not show that a minimum price had been affixed by the trustees, below which it could not be sold.

5. It did not show that a sale of the lands had been consented to by the inhabitants of the township, according to the mode prescribed by law.

The demurrer was overruled, and exception taken, and final judgment was rendered for the defendant.

The question involved is, whether the Court ruled correctly on the demurrer.

By the law in force when the sale in question was made, five qualified voters of the township might petition the trustees for the sale of the land, whereupon if a majority of the voters of the township vote for such sale, not being less than fifteen in number, it is made the duty of the trustees—1. To divide the lands so voted to be sold into such lots as will insure the best price; 2. To affix a minimum price to each lot, not less than one dollar and twenty-five cents per acre, below which it shall not be sold; 3. To certify such division and appraisement to the proper county auditor, together with a copy of all their proceedings had in relation to the sale of said lands. The lands are to be first offered at public sale, and "when any land shall be offered for sale, and shall remain unsold, the county auditor may dispose of the same at private sale, for the best price that can be had therefor, not being less than the minimum price affixed thereto." The land is to be sold upon the terms of paying one-fourth of the purchase-

money down, and the balance in twenty-five years, the interest being paid annually thereon in advance; and the purchaser, until forfeiture, is entitled to all the rights of possession before existing in the township. R. S. 1843, p. 261.

The answer seems to be entirely sufficient, unless it was necessary to show, by direct allegation, that all the preliminary steps had been taken to authorize the sale. From the view we take of the case, we deem it unnecessary to decide how far it will be presumed that the necessary preliminary steps had been taken. Perhaps it would be presumed that after the vote had been taken to sell the land, the other steps had been duly taken; but it is doubtful whether such vote would be presumed simply, from the fact that a sale was made by the proper officer, because this goes to a question of authority. Where a fact is necessary to confer authority, it may not be presumed, though every proper official step may be presumed after authority is shown. *Vide*, on this point, 1 Phil. Ev. (ed. 1852), pp. 604, 605.

Nor do we deem it necessary to determine how far any subsequent healing statute may be valid to protect a party purchasing school lands which had been irregularly sold, or sold without authority.

The answer sets up facts which we think estop the plaintiff to deny that the land was regularly and properly sold, or to question the authority to sell it. It is averred that the purchaser took possession immediately, and has made valuable improvements thereon; that the part of the purchase-money paid down, and the interest paid annually on the portion unpaid, have been duly disbursed for the use of the schools in the township, the object for which the grant of the land was made by the federal government to the inhabitants of the township; that the money thus paid and disbursed has not been refunded, or offered to be refunded. The inhabitants of the township, then, have received the money thus paid; and have received and used it for the purposes intended by the original grant to them. The "inhabitants" must be presumed to have been cogni-

May Term,
1860.

THE STATE
v.
STANLEY.

zant of the fact that the purchaser took possession and made the alleged improvements, and they, having received the benefit of the portion of the purchase-money paid down, and the annual interest on the portion unpaid, for so long a time, must be deemed to have acquiesced in the sale, and are estopped from questioning the regularity or the validity thereof.

A summary of the law, as applicable to this point, may be found in 2 Smith's Lead. Cases (5th Am. ed.), pp. 662, 663. The author observes that "when those who are entitled to avoid a sale, adopt and ratify it, by receiving the whole or any part of the purchase-money, equity will preclude them from setting it aside subsequently, for reasons which are too plain for statement. *Stroble* ·v. *Smith*, 8 Watts, 280.—*The Commonwealth* v. *Shuman's Adm'rs*, 6 Harris, 343.—*Smith* v. *Warden*, 7 *id.* 424. 'Where a sale is made of land,' said LEWIS, J., in *Smith* v. *Warden*, 'no one can be permitted to receive both the money and the land. Even if the vendor possessed no title whatever at the time of the sale, the estoppel would operate upon a title subsequently acquired. It was held by this Court, in *The Commonwealth* v. *Shuman's Adm'rs*, that equitable estoppels of this character apply to infants as well as adults, to insolvent trustees and guardians, as well as to persons acting for themselves, and have place as well where the proceeds arise from a sale by authority of law, as where they spring from the act of the party.'" *Vide,* also, on the general subject, *Laney* v. *Laney*, 4 Ind. R. 149; *Gatling* v. *Rodman*, 6 *id.* 289; *The State* v. *Sickler*, 9 *id.* 67.

We are of opinion that the demurrer to the answer was correctly overruled; hence, the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace*, for the state.

*H. W. Chase* and *J. A. Wilstach*, for the appellee.