Waters *et al. v.* Lyon.

with instructions to sustain the demurrer to each paragraph of the complaint.

Filed April 23, 1895.

◆

No. 17,197.

WATERS ET AL. *v.* LYON.

REAL ESTATE.—*Rule in Shelley's Case in Force.—A Rule of Law, not of Construction.—Extending Rule to Doubtful Case.*—The rule in Shelley's case is the law in this State. It is a rule of law and not of construction. If the language used in the instrument brings the case within the rule, the fact that it was the intention of the grantor or devisor that the rule should not operate is of no importance. If a grant or devise does not come fairly within the rule, this court will not extend its operation.

SAME.—*Rule in Shelley's Case Stated.*—In any instrument, if a freehold be limited to the ancestor for life, and the inheritance to his heirs, either mediately or immediately, the first taker takes the whole estate; if it be limited to the heirs of his body, he takes a fee tail; if to his heirs, a fee simple.

SAME.—*Estate Tail Abolished.—Effect.*—In this State, by statute, estates tail are abolished, and what would, by the common law, be adjudged a fee tail is now a fee simple.

SAME.—A conveyance of land to A and B, his wife, "during their natural lives, and at their death to the heirs of their body," accompanied by a clause declaring, "hereby conveying a life interest in said land, or so long as they occupy the same, to A and B, his wife; upon the death of both of said parties, or upon their removal from said premises, the heirs of their body shall be entitled to possession of said premises," vests in A and B an estate in fee simple as tenants by entireties, B becoming, on the death of A, the sole and absolute owner, and her grantee takes the entire estate to the exclusion of her heirs and of the heirs of A.

EJECTMENT.—*Defense, Pleading, Evidence.—Special Answer.*—In an action of ejectment all defenses, both legal and equitable, may be given under the general denial; and no available error is committed in sustaining a demurrer to a special answer.

ESTOPPEL.—*Sale of Land.—Ejectment.—Refunding Purchase-money.*—If the owner sells land, receiving the purchase-price, and afterwards

seeks to set aside the sale and recover possession of the land, he must tender back the money received before bringing the suit; and this rule applies both to adults and infants.

From the Hancock Circuit Court.

*E. W. Felt, U. S. Jackson, E. Marsh* and *W. W. Cook,* for appellants.

*J. B. Black, C. G. Offutt* and *R. A. Black,* for appellee.

HOWARD, J.—This was an action for the recovery of real estate, brought by appellants against appellee.

From the finding of facts by the court, it appears: That on the 20th day of February, 1882, one John W. Waters was the owner in fee simple of the real estate in controversy, and that on said day he and his wife conveyed the same "to Samuel R. Waters and Kate Waters, his wife, during their natural lives, and at their death to the heirs of their body. * * * Hereby conveying a life interest in said land, or so long as they occupy the same, to said Samuel R. Waters and Kate Waters, his wife; upon the death of both of said parties, or upon their removal from said premises, the heirs of their body shall be entitled to possession of said premises;" that prior to said 20th day of February, 1882, there had been born to said Samuel R. and Kate Waters, and were then living, the appellants, Samuel R. Waters, Catharine F. Waters, Frank R. Waters, Arthur L. Waters, Mary E. Elder, and John N. Waters, all of whom were then minors; that in May, 1882, the said Samuel R. Waters died intestate, leaving surviving him his said wife, Kate, and all the above named children ; that on the 1st day of October, 1886, while the said Kate Waters remained the widow of the said Samuel R. Waters, and while all said children continued to be minors, the said Kate Waters sold and conveyed said real estate by deed

of warranty to the appellee, who has since held posses-
sion of the same, claiming to be the owner in fee sim-
ple; that appellee has made valuable and lasting improve-
ments thereon, paid all taxes assessed, in good faith
believing herself to be the absolute owner; that the
rents and profits, and growing timber cut from said
land, will offset all expenses incurred by appellee;
that afterwards, on the 2d day of October, 1886, the
said widow, Kate Waters, purchased another tract of
land containing twenty-seven acres, paid for in part by
money received by her from the sale of the land in con-
troversy, taking a warranty deed for this last land to
herself for life, remainder at her death in fee simple,
to her said children; that on the 23d day of December,
1889, the said Kate Waters, while still the owner and in
possession of said twenty-seven acres, departed this life
intestate, leaving her said children as her only surviv-
ing heirs; that after the said John N. Waters became of
full age he conveyed, by deed of warranty, to his said
brother, Samuel R. Waters, for a valuable considera-
tion, all his right, title and interest in said twenty-seven
acres; that the said Samuel R. Waters also, after becom-
ing of full age, and for a valuable consideration, con-
veyed, by deed of warranty, all of his interest in said
twenty-seven acres to one John A. True; that on Sep-
tember 11, 1890, the appellant James L. Smith as
guardian of the remaining children, minors, by order
of the Hancock Circuit Court, and for the sum of $900,
conveyed to said John A. True, by deed duly approved
by said court, the interest of said minor children, in
said twenty-seven acres; that at the date of the com-
mencement of this action, the appellants knew that the
money given by the said Kate Waters, widow, for said
twenty-seven acres was paid out of the moneys received
by her from the appellee as the purchase-money for the

real estate in controversy conveyed by said Kate Waters to said appellee; that the said adult children, John N. and Samuel R. Waters, have each converted the money so received by them from the sale of their interest in said twenty-seven acre tract, to their own use and benefit; and that the appellant, James L. Smith, as guardian of said minor children, has, in like manner, converted the money received by him as such guardian from the sale of his said wards' interest in said twenty-seven acres to the use and benefit of said wards; and that no part thereof has been tendered to or paid back to the appellee, or in any manner accounted for by them to her; that the appellee has at all times continued to be and still is in the exclusive possession of the real estate in controversy, claiming to be the absolute owner thereof; and that the appellants, as the children of the said Samuel R. Waters and Kate Waters, both deceased, are asserting title to said real estate in fee simple, through the conveyance aforesaid of said John W. Waters and wife to their said father and mother.

As conclusions of law, the court found:

"1. That the deed from John W. Waters and wife to Samuel R. Waters and Kate Waters, his wife, vested in the latter an estate in fee simple in the real estate described in the complaint as tenants by entireties, and that on the death of said Samuel R. Waters, said Kate Waters became and was the sole and absolute owner of said real estate in fee simple.

"2. That the defendant as the grantee of said Kate Waters became the owner in fee simple of said real estate, on the first day of October, 1886, and has since continued to so own and hold the same.

"3. That the plaintiffs have no interest in or title to said real estate; that they are claiming and asserting title to the same, but that such claim is groundless, and

is a cloud upon defendant's title to said real estate that ought to be removed.

"4. That plaintiffs are entitled to nothing in this action, and that defendant is entitled to judgment against all the plaintiffs, quieting her title to said real estate, and for her costs in this action on her cross-complaint."

Judgment was accordingly entered, that the plaintiffs take nothing by their complaint, and that the defendant recover costs. A decree was also entered, that the defendant is the owner in fee simple and in possession of the land in controversy, and quieting her title thereto.

It is contended by counsel for appellee that the rule in Shelley's case applies to the deed in this case, and hence that the conclusions of law in her favor are correct.

Counsel for appellants, on the other hand, contend that, following *McIlhinny* v. *McIlhinny*, 137 Ind. 411, it must be held that the rule in Shelley's case has no application to the deed before us, and that the conveyance "to Samuel R. Waters and Kate Waters his wife, during their natural lives, and at their death to the heirs of their body," gave to the first holders only a life estate, as counsel claim was the evident intent of the grantors, and on the death of the life tenants remainder to their children.

We have no disposition to extend the rule in Shelley's case, believing, as we said in *McIlhinny* v. *McIlhinny*, *supra*, that "its operation more frequently defeats the just and undoubted intention of grantors and testators than any other effect it has." The rule had its origin in the principles and policy of feudal tenures, the policy being to discourage alienation and to favor the descent of land in the line of inheritance. This policy does not seem in harmony with the spirit of our institutions; and accordingly the rule in Shelley's case has been abrogated

by statute in many of the States. It has, however, as yet, remained the law in Indiana.

As said in *McIlhinny* v. *McIlhinny, supra,* "it is a rule of law too firmly established to be shaken by the courts, and which the courts should enforce, not because it is just or wholesome, but because it is law." It is only through the action of the Legislature that it may be changed.

"The rule in Shelley's case," as well stated in 22 Am. & Eng. Encyc. of Law, 495, "is a rule of law and not of construction. Where the language used in the instrument brings the case within the rule, the fact that it was the intention of the grantor or devisor that the rule should not operate is of no importance."

This arbitrary and imperative character of the rule makes it repugnant to our sense of freedom of action, and often also to the principles of justice in the disposition of property. Accordingly, when a grant or devise does not come squarely within the rule, this court will not extend its operation. That is the force of the decision in the case of *McIlhinny* v. *McIlhinny, supra.*

A plain statement of the rule, as applied to the deed before us, taken from *Perrin* v. *Blake*, 1 Coll. Jurid., No. 10, p. 288, is as follows:

"In any instrument, if a freehold be limited to the ancestor for life and the inheritance to his heirs, either mediately or immediately, the first taker takes the whole estate; if it be limited to the heirs of his body, he takes a fee tail; if to his heirs, a fee simple." Am. and Eng. Encyc. Law, *supra,* 494.

By our statute (section 3378, R. S. 1894, section 2958, R. S. 1881) estates tail are abolished, and what would, by the common law, be adjudged a fee tail, is now a fee simple.

In Hayes' Real Est. (Inquiry, etc.,) 93, as cited in

Am. and Eng. Encyc. Law, *supra,* 494, it is said: "Whenever a limitation of land to A for his life or any other estate of freehold is followed by the limitation of a remainder to his heirs, or the heirs of his body, the latter limitation shall have the same effect as if it had been made to him and his heirs, or to him and the heirs of his body. It confers the benefit of the remainder on the ancestor himself. * * * It creates a gift to him, and tacks to such gift the word 'heirs,' etc., as words of limitation of his estate."

The exact question before us was decided in accordance with the foregoing statements of the law in *Tipton* v. *La-Rose,* 27 Ind. 484, an even stronger case than this. See, also, *Outland* v. *Bowen,* 115 Ind. 150; *Shimer* v. *Mann,* 99 Ind. 190; *Allen* v. *Craft,* 109 Ind. 476.

The granting words of the deed, therefore, "to Samuel R. Waters and Kate Waters, his wife, during their natural lives and at their death to the heirs of their body," show that the rule in Shelley's case must apply, particularly as no other words in the deed modify the meaning of the words so used. A title in fee simple was therefore conveyed to the first takers.

There is another reason why appellee ought to have judgment, at least for her costs. It appears that after Kate Waters sold the land in question to appellee, she purchased other land out of the proceeds of that sale; that appellants took possession of this other land at her death, sold it and appropriated the proceeds to their own use, and that at the time they brought this action they knew that the second land, thus appropriated to their own use, had been purchased out of the proceeds of the sale of the first to appellee, but that they did not pay or tender to appellee the money so obtained from her. In equity they should have made this payment or tender before bringing this action, and for failure to do so, ap-

pellee was entitled to judgment in her favor for costs, even if she were not otherwise entitled to a judgment quieting title to her in fee simple to the land.

It was said, in *Slauter* v. *Favorite, Guar.*, 107 Ind. 291, that "If the ultimate judgment deals justly with the parties, gives to each his legal rights and is sustained by the facts appearing in the special finding an error in one of the conclusions of law will not justify a reversal. Our statute says that no judgment shall be reversed 'where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below.' *Krug* v. *Davis*, 101 Ind. 75; *Platter* v. *Board, etc.*, 103 Ind. 360 (385)." See, also, *Sohn* v. *Cambern*, 106 Ind. 302; *Stephenson* v. *Boody*, 139 Ind. 60.

There were two paragraphs of complaint in this case. The first was a simple claim of ownership with the right of possession, alleging that the appellee was wrongfully keeping the appellants out of possession, and was committing waste. To this a general denial was filed. The second paragraph set out the facts fully as to the deed to Samuel R. and Kate Waters, husband and wife, and the deed by the latter to appellee. To this paragraph a demurrer was sustained.

Besides the answer in general denial, the appellee filed a second paragraph of answer setting out the facts in full as found in the special finding. To this paragraph the court sustained a demurrer.

The appellee also filed two paragraphs of cross-complaint, the first being a claim of ownership, with an allegation that appellants are without right claiming some adverse title, and asking to have her title quieted. In the second paragraph of cross-complaint, as in the second paragraph of answer, the facts are fully set out, and there is a prayer to quiet title. To the second paragraph

of cross-complaint a demurrer was also sustained. On this last ruling cross-error is assigned by appellee.

Why the court should have sustained a demurrer to the second paragraph of the cross-complaint, and yet have found specially the substantial facts therein alleged, and upon which the conclusions of law and judgment are based, does not appear.

However, under the code, in actions for the recovery of real estate, all defenses, both legal and equitable, may be given under the general denial. The evidence, therefore upon which the findings showing an equitable defense in this case were based, was properly admitted.

That the facts so found do show an equitable defense to such an action, has been held in numerous cases by this court. The appellants' mother, assuming that she had a right to do so, sold by warranty deed, to appellee, the land in controversy, and with part of the proceeds purchased other land, putting the latter in her own name for life, remainder to her children, the appellants. On her death, they took possession of the latter land, sold it, and converted the proceeds to their own use. Before bringing this action, appellants knew that the money thus received and appropriated by them, was in part the proceeds of the sale of the land, which they now claim to own. They have not given nor offered to give this money to appellee; but, while retaining the proceeds of the sale of the land to her, they ask also to have the land itself returned to them. This can not be allowed, in good conscience.

We have, recently, in *Wilmore* v. *Stetler*, 137 Ind. 127, gone very fully into the consideration of this question. The conclusions there reached, based as they are on an extended examination of the authorities, as well as upon just reasoning, we still adhere to. One can not have the price of the land sold and also the land itself.

By accepting the money obtained for the land, even if the sale were invalid, the party so receiving the money thus elects to confirm the sale. Even, therefore, if such a grantor, in a proper case, by returning the money, could receive back the land, yet common honesty will not suffer him to have both the land and the money. See *Jennings* v. *Kee*, 5 Ind. 257; *State, ex rel.*, v. *Stanley*, 14 Ind. 409; *Terre Haute, etc., R. R. Co.* v. *Norman*, 22 Ind. 63; *Dequindre* v. *Williams*, 31 Ind. 444; *Webster* v. *Bebinger*, 70 Ind. 9; *Bumb* v. *Gard*, 107 Ind. 575; *Palmerton* v. *Hoop*, 131 Ind. 23.

That equitable estoppels of this kind apply to infants as well as to adults, and when the proceeds received arise from a sale by authority of law, as well as where they spring from the act of the party, provided, of course, the sale is for the benefit of the infant, see, further. *Wilmore* v. *Stetler, supra*, and authorities cited above.

The judgment is affirmed.

