## Fink, Appellant, v. Miller.

*Executors and administrators—Sale by administrator—Presumption as to validity.*

Where a sale by an administrator has been duly confirmed, the law will presume after nearly 100 years, that everything which was necessary to be done in order to complete the sale and divest the title of the decedent, was done.

Where the purchase money of land sold by an administrator has been accounted for by the administrator, and distribution regularly made, and the money receipted for by the heirs, they and those claiming under them are estopped from subsequently claiming the land.

If one receives the purchase money of land sold, he affirms the sale and he cannot claim against it, whether it was void, or only voidable.

*Tax sale—Duty to pay taxes—Purchase at tax sale.*

The mere fact that taxes on land are assessed against a particular person does not impose upon such person the duty of paying taxes, if in fact, the land does not belong to him and he stands in no trust relation to the owners. Such person may permit the lands to be sold for the taxes, and acquire a valid title to them by purchase at the tax sale.

Argued Dec. 2, 1901. Appeal, No. 56, Oct. T., 1900, by plaintiffs, from judgment of C. P. Schuylkill Co., May T., 1892, No. 284, for defendant non obstante veredicto in case of Joseph Fink and John F. Stoudt v. R. R. Miller and Griffith DeLong. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for cutting timber. Before SAVIDGE, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff for $900. The court entered judgment for defendant non obstante veredicto.

*Error assigned* among others was in entering judgment for defendant non obstante veredicto.

*W. F. Shepherd*, for appellants.—In Pennsylvania the title to real estate passes upon the delivery of a deed and payment of the purchase money. These are the prerequisites to the completion of title: Leshey v. Gardner, 3 W. & S. 314; Erb v. Erb, 9 W. & S. 147; Biggert's Estate, 20 Pa. 17.

All deeds and conveyances, which shall be made and executed under the act of 1775 shall be adjudged fraudulent and void against any subsequent purchaser or mortgagee for valuable consideration, unless such deed or conveyance be put upon record within six months from the execution thereof: Duff v. Patterson, 159 Pa. 312.

A subsequent bona fide purchase for a valuable consideration, without notice, is also within the protection of the act: Hoffman v. Strohecker, 7 Watts, 90; Plumer v. Robertson, 6 S. & R. 179; Burke v. Allen, 3 Yeates, 351; Stroud v. Lockart, 4 Dallas, 153.

No person can purchase an interest in property and hold it for his own benefit, when he has a duty to perform in relation thereto, inconsistent to the character of a purchaser: Tyler et

al., Executors, v. O. D. Sanborn et al., 4 L. R. A. 218; Cleav-
inger v. Reimar, 3 W. & S. 486.

The purchase by one whose duty it was to pay the taxes as
a part owner operates only as a payment of the taxes and such
purchaser cannot acquire title by such purchase : Maul et ux.
v. Rider, 51 Pa. 377 ; 10 L. R. A. 101; Lewis v. Ward, 99 Ill.
525 ; Cooley v. Waterman, 16 Mich. 366.

*A. W. Schalck*, with him *Wm. G. Freyman*, for appellees.—
That an order of the orphans' court for the sale of real estate
is analogous to an execution in the common pleas, and that a
sale under it is a judicial sale, is well settled : Moore v. Shultz,
13 Pa. 98 ; Fisher v. Kurtz, 28 Pa. 49 ; Girard Life Insurance,
Annuity & Trust Co. v. The Farmers' and Mechanics' National
Bank, 57 Pa. 388 ; Farmers' & Mechanics' Bank v. Ege, 9
Watts, 436 ; Duff v. Wilson, 69 Pa. 316 ; Garrett v. Dewart,
43 Pa. 342.

John Balliet could become the purchaser at the tax sale,
whether assessed in his name or not : Miller v. Hale, 26 Pa. 432 ;
Russel v. Werntz, 24 Pa. 338 ; Coxe v. Gibson & Hathaway,
27 Pa. 160 ; Powell, Appellants, v. Lantzy et al., 173 Pa. 543 ;
Black on Tax Titles (2d ed.), 339, sec. 274.

OPINION BY BEAVER, J., March 14, 1902 :

In 1794 the commonwealth of Pennsylvania, by letters pa-
tent, conveyed to Andrew Douglas a tract of land, then in the
county of Northampton, part of which is now in the county of
Schuylkill, previously surveyed upon a warrant in the name
of Alice Brown.   The plaintiffs claim in trespass for timber
cut upon this tract, alleging a conveyance to them by the heirs
of Andrew Douglas.   The defendants reply that the heirs of
Andrew Douglas had nothing to convey, for the reason that
his administrators applied for a sale of this, among other lands,
for the payment of debts, in 1804 ; that the land was sold, the
sale regularly returned and confirmed, the purchase money ac-
counted for in the account of the administrators and the
balance distributed to and among the heirs of the decedent
and duly receipted.   No deed was shown from the administra-
tors of Douglas to Longcope to whom the sale was returned
as having been made.

The plaintiffs base their right to recover, as we understand it, solely upon the title derived from the Douglas heirs. If the Douglas heirs had no title, the plaintiffs were, of course, not entitled to recover, because, although color of title may be sufficient to maintain trespass against a mere intruder, the defendants were in possession under a deed which they alleged conveyed to and vested in them a good and sufficient legal title and estate. That the Douglas heirs had nothing to convey is apparent from two considerations: The sale by the administrators of their ancestor having been duly confirmed, the law will presume, after nearly 100 years, that everything which was necessary to be done, in order to complete the sale and divest the title of Douglas, was done and, second, that the purchase money having been accounted for by the administrators and distribution regularly made and the money receipted for by the heirs, they and those claiming under them are estopped from now claiming the land; for, as was said in Maple v. Kussart, 53 Pa. 348, "it is a maxim of common honesty as well as of law that a party cannot have the price of land sold and the land itself. Accordingly it has been ruled uniformly that, if one received the purchase money of land sold, he affirms the sale and he cannot claim against it, whether it was void or only voidable: Adlum v. Yard, 1 Rawle, 163; Wilson v. Bigger, 7 W. & S. 127; Crowell v. McConkey, 5 Pa. 168; Stroble v. Smith, 8 Watts, 280; Smith v. Warden, 19 Pa. 424; Com. v. Shuman's Admr., 18 Pa. 346; Johnson v. Fritz, 44 Pa. 449; Spragg v. Shriver, 25 Pa. 282."

But the defendants also claim title to the Alice Brown under a treasurer's sale made to John Balliett in 1876 for the taxes of 1874 and 1875 assessed in his name. The plaintiffs' answer to this title, which appears to be regular in every respect, is that Balliett was in duty bound to pay the taxes, the assessment having been made to him, and that he, therefore, acquired no better title under the sale than he had previously to it. This position, however, is not sound. It may be that, as a citizen, Balliett owed a duty to pay his taxes but he was certainly under no obligation to pay the taxes of the Douglas heirs. The land was debtor for the taxes and, if he was the owner of it, no one could be harmed by his having a sale made, in order to complete or confirm his title, if it was already good;

and, if any portion of it was claimed by any other person, he was under no obligation to pay their taxes and could make his title good as against them, by a purchaser at tax sale, unless he was under some obligation to pay the taxes for them. There is no allegation that he stood in any trust relation to the Douglas heirs or to those who claimed under them. The defendants, therefore, claimed a good title under Balliett and upon all grounds the judgment entered by the court below for the defendants, non obstante veredicto, should stand.

Judgment affirmed.