ITT INDUSTRIAL CREDIT COMPANY, Appellant-Plaintiff,

v.

R.T.M. DEVELOPMENT CO., INC., Ray T. Miller, Jr., Ann Miller, Eugene E. Zimmer, Jane Zimmer, Fred E. Davis, Helen E. Davis, Earl E. Bostic, Margaret Bostic, Paul M. Gillmore, Carl J. Reinke & Sons, Inc., and Ritschard Bros., Inc., Appellees-Defendants.

No. 71A03–8610–CV–00297.

Court of Appeals of Indiana, Third District.

Aug. 26, 1987.

F. Richard Kramer, Rebecca Hoyt Fischer, Kramer & Murphy, P.C., South Bend, for appellant-plaintiff.

James F. Groves, Edward W. Hardig, Hardig, Lee & Groves, South Bend, for appellees-defendants Eugene E. Zimmer & Jane Zimmer.

STATON, Judge.

Eugene and Jane Zimmer (the Zimmers) are the owners of real estate in South Bend, Indiana. That real estate was sought by R.T.M. Development Co., Inc. (RTM) for its plans to build a Hilton Hotel. RTM offered to buy the Zimmers' property for $100,000.00, and to that end the Zimmers executed a warranty deed with the words "Not valid until receipt of full payment" written across the top of it.

RTM also sought financing from ITT Industrial Credit Corporation (ITT). Part of ITT's security for the loan was a first mortgage on the Zimmers' property. The RTM–ITT agreement was executed on November 7, 1980, but the closing between RTM and the Zimmers did not take place until November 12, 1980. At some time prior to the Zimmers' closing, the words on the deed "Not valid until receipt of full payment" were scratched out and the Zimmers' initials were written nearby.

In an action by ITT against RTM and to foreclose a real estate mortgage, the trial court ruled that the Zimmers' warranty deed did not convey any interest to RTM because they did not receive full payment. Therefore, ITT had no claim against the Zimmer property.

ITT has appealed that portion of the trial court's judgment dealing with the Zimmers' property and presents the following issues for our review:

1) Whether the judgment was contrary to the evidence;

2) Whether the Zimmers created an equitable lien on the property by writing the words "Not valid until receipt of full payment" on the deed; and

3) Whether the Zimmers were estopped from asserting the invalidity of the deed because they retained benefits in exchange for the deed.

Affirmed.

## I.

### Evidence

■ The trial court made specific findings of fact and conclusions of law. The purpose of special findings is to provide the parties and the reviewing court with the theory upon which the case was decided. *Kimbrell v. City of Lafayette* (1983), Ind. App., 454 N.E.2d 73, 74. We afford special findings a two-tier standard of review: first, we must determine if the evidence supports the findings; and second, we must determine whether the findings support the judgment. *Keystone Square v. Marsh Supermarkets, Inc.* (1984), Ind. App., 459 N.E.2d 420, 422, *trans. den.* If we conclude that the special findings support the judgment and are not clearly erroneous, the judgment will be affirmed.

ITT argues that a handwriting expert, originally retained by the Zimmers, opined that the initials near the scratched out words at the top of the warranty deed were written by the Zimmers. He also testified that the pen lines in the scratched out portion matched the pen lines in the initials. Since the trial court found specifically that the Zimmers did not scratch out the words, ITT concludes that the judgment was contrary to the evidence.

■ The evidence regarding the deed was conflicting. While the handwriting expert testified that in his opinion the Zimmers initialed the top portion of the deed and that the pen lines in the initials and the scratches were similar, the Zimmers testified that they did not scratch out the words on the deed. Moreover, they testified that after the deed was delivered to RTM's agents, with the wording intact, they did not see the deed again or learn that those words were scratched out until after ITT filed this lawsuit. It was for the trier of fact to resolve conflicting evidence, and this Court will not reweigh evidence nor reassess witness credibility. We have considered the evidence from a perspective most favorable to the judgment, as required by Indiana Rules of Procedure, Trial Rule 52(A), and we conclude that the Zimmers' testimony is evidence in the record that supports the trial court's findings. Given our standard of review of special findings, we defer to the trial court's findings and its judgment on this issue must be sustained. *Benefit Trust Life Ins. Co. v. Waggoner* (1985), Ind.App., 473 N.E.2d 646, 648.

## II.

### Equitable Lien

ITT also argues that, at most, the words atop Zimmers' deed created an equitable lien. *Lucas v. Hendrix* (1883), 92 Ind. 54, 57 (express reservation in a conveyed deed creates an equitable mortgage). This argument misses the mark however, because

the trial court expressly concluded that the Zimmers did not part with dominion over their deed with the intention to pass title. In short, we need not address the legal effect of the words written atop the deed since the trial court concluded that Zimmers' deed was never delivered and that no right, title or interest passed from them to RTM or ITT.

■ It is well settled hornbook law that the extent of the interest conveyed, if any, is governed by the intentions of the parties. *Richard S. Brunt Trust v. Plantz* (1983), Ind.App., 458 N.E.2d 251, 252. It is also well known that the question of delivery is one for the trier of fact. *Klingaman v. Burch* (1940), 216 Ind. 695, 699, 25 N.E.2d 996, 997.

■ In the instant case, the trial court ruled that delivery was lacking. The trial court found that the Zimmers sought counsel from their attorney and a banker about the wisdom of surrendering a signed warranty deed to the purchaser before receiving full payment. In accordance to this advice, the words "Not valid until receipt of full payment" were placed on the deed before it was given to RTM's agent. Too, the Zimmers told the agent that the deed was not to be transferred until the full purchase price was received at the closing.

The trial court further found that the Zimmers were not informed of the closing, and at the closing their deed was surrendered by RTM's agent even though full payment for the real estate was not made. Once again, we must defer to the trial court as factfinder and sustain its judgment on this issue. When the intention of the grantor is clear, it must be given effect. *Leeds v. Leeds* (1945), 223 Ind. 593, 595, 63 N.E.2d 541, 542.

### III.

#### *Estoppel*

■ The final issue we must address is whether the Zimmers are estopped from asserting the invalidity of the deed because they retained benefits from the closing. Once again, the evidence was conflicting.

RTM's agent testified that before the closing he informed the Zimmers that they would only receive approximately $30,-000.00 cash and a promissory note secured by a second mortgage for the $70,000.00 balance. The Zimmers denied ever being told of the closing and asserted that they were told by RTM's agent that the $30,-000.00 was only a downpayment and the full purchase price would be forthcoming within three months. They further testified that they never authorized anyone to accept less than the full purchase price in cash in exchange for the deed, and that even after receiving the "down payment" they did not intend their warranty deed to be transferred until they received the full amount in cash.

It was for the trial court to decide who to believe, and, according to the Zimmers' testimony, they accepted the money only as partial payment, and they fully intended the condition expressed on their warranty deed to remain operative. Although at first blush, ITT's equity argument might seem to be persuasive, upon closer examination it is not.

ITT argues that under the authority of *Waters v. Lyon* (1895), 141 Ind. 170, 178, 40 N.E. 662, 665, the Zimmers are estopped from asserting the invalidity of the deed because they did not tender back any and all the benefits received in exchange for the land. The rationale in *Waters* expressly comes from *Wilmore v. Stetler* (1893), 137 Ind. 127, 34 N.E. 357, *reh. den.*, 137 Ind. 135, 36 N.E. 856. *Wilmore* made it quite clear that equity will not allow one who receives and retains purchase money to vacate the sale and obtain the land if he has full knowledge of the facts and his rights. *Id.*, 137 Ind. at 132, 36 N.E. at 857. Based on testimony of the Zimmers, the trial court found that they did not know all of the facts, *e.g.*, the closing date, the scratching out of the limiting language on their deed, and the true nature of the "down payment" they received. Under these circumstances, we do not conclude that the trial court erred by not favoring ITT's equity argument.

■ Moreover, we note that the trial court's judgment merely resolved ITT's claim to the Zimmers' property. Any claim RTM may have against the Zimmers was not an issue before the trial court.

The trial court's judgment is affirmed.

HOFFMAN and SULLIVAN, JJ., concur.